# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FAHEEM, YASMIN, et al., | : | CIVIL CASE NO.: |
| Plaintiff, | : | |
| | : | 1:24-cv-08798-ESK-EAP |
| v. | : | |
| CITY OF ATLANTIC CITY, et al., | : | |
| Defendants. | : | |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS
ON BEHALF OF DEFENDANTS
CITY OF ATLANTIC CITY AND DALE FINCH**

**RETURNABLE SEPTEMBER 17, 2024**

---

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Cristal Holmes-Bowie, Esquire
chb@armstronglawfirm.com

STATEMENT OF FACTS

Plaintiff Yasmin Faheem is named as a mercantile license holder for 24/7 Mart, LLC. On August 16, 2024, Plaintiff 24/7 Mart, LLC's store clerk was arrested for possession and distribution of CDS. The Atlantic City Police Department(ACPD) alleges that the criminal acts were observed to occur within the premises of the 24/7 Food Mart, LLC. (MAA/FAHEEM 0014-0021). The ACPD issued criminal complaints for the CDS charges against the clerk and the charges of selling loose cigarettes not licensed in the State of New Jersey. On or about August 26, 2024 Plaintiff was advised of the mercantile license suspension and the right to a hearing to contest the suspension of the mercantile license and closure of the store.

The City continued the suspension of the license pending this hearing and pending the outcome of the criminal matter. The City provided Plaintiff with copies of all police incident reports and complaints regarding prior criminal matters where the mercantile license suspension and closure occurred due to store employees also selling drugs out of the store. MAA/FAHEEM 003, 005; MAA/FAHEEM 008-0011. At that time the same Plaintiff was the mercantile license holder. While that action occurred in 2018, the court and counsel have been provided with the many reports of serious criminal activities in and in front of the Plaintiff's premises which continue to create a health and safety issue for the community members. Plaintiff argues that these criminal matters occurred within a week or more before the suspension of the mercantile license and they are not urgent enough for the suspension to occur. While the Plaintiff has a property right to defend, the City's residents health safety and in fact their lives have been at risk as consumers of the convenience store because Plaintiff or Plaintiff's employees are continuing to sell illegal drugs or to allowing the sale of drugs out of their premises after they were

suspended once before, after individuals have been arrested for selling drugs, and the same killed in the premises.

## The City of Atlantic City's Code

The City of Atlantic City Code Section 170-6 states: " No license certificate shall be issued to any person who has not complied with the laws of the State of New Jersey or the ordinances of the City of Atlantic City providing regulations respecting the safety of persons who may have occasion to use the premises, place or thing licensed, and in case any person licensed fails to comply with such laws or ordinances after due notice and opportunity to be heard, as provided by N.J.S.A. 40:52-2, the Director of Licenses may revoke such license." However, the action taken by the City here was a suspension not a revocation of the license.

Code Section 170-10 states that "[i]t shall be a condition to the issuance of any and all licenses under this article that said business shall be used and operated only for lawful purposes and be in compliance with all applicable laws." Section 170-13 allows for the suspension of any license issued for good cause. Good cause includes, (3) the commission of, or permitting or causing the commission of, any act in the operation of the business, which at is unlawful or is prohibited by any ordinance, rule or law of the City state or federal government, and (4) fraudulent practices and misrepresentations in the operation of the business or concealment or misrepresentation in procuring the license. Section 170-13. While there is no separate section for the imposition of a suspension of a license, Section 170-13 (d) requires that the director of License not issue a new license or renew an existing license to any applicant to operate a business . . . that has been  . . . determined to be against the public welfare or safety. The

4

ordinances then provide for a hearing process where there has been a suspension. Here the City conducted the hearing in accordance with its ordinance.

## LEGAL ARGUMENT

THE PLAINTIFF'S DUE PROCESS HAS NOT BEEN VIOLATED WHERE PROTECTION OF HEALTH AND SAFETY DEMAND THAT THE MERCANTILE LICENSE BE SUSPENDED DUE TO THE SALE OF ILLEGAL CONTROLLED DANGEROUS SUBSTANCES AT THE LICENSED BUSINESS AND A POST SUSPENSION HEARING WAS HELD.

A.    Constitutional due process protections

The City of Atlantic City recognizes that the fourteenth amendment constitutional due process "protects against arbitrary government action that deprives individuals of a protected interest." *Padberg v. McGrath*, 203 F. Supp. 2d 261, D.N.Y.(2002) citing *County of Sacramento v. Lewis*, 523 U.s. 833, 845, 118 S. Ct. 1708, 140 L.Ed. 2d 1043(1998). However, due process does not forbid the deprivation of a protected property interest under all circumstances. *Id.* at 277. The fourteenth amendment of the Constitution's due process requirements do not "forbid the deprivation of a protected property interest under all circumstances, . . . procedural due process is a flexible concept that "calls for procedural protections as the situation demands."" *Padberg*, citing *Morrissey v. Brewer*, 408 U.s. 471, 481, 92 S. Ct. 2593,33 L.Ed.2d 484(1972). In Morrissey, the court found that the " . . . challenge to summary suspension procedures involves two separate questions: first, whether it was a violation of due process to deprive plaintiffs of their licenses prior to a hearing; and second, if a pre- suspension hearing was not constitutionally mandated whether the procedures followed . . . in the post suspension hearings were sufficient to protect plaintiffs' due process rights." The court has to evaluate the circumstances and determine "what process is due" Id. at 277. The Supreme Court has found that " . . . due process "[does not] always require[ ] the State to provide a hearing prior to the

initial deprivation of property."" Id. citing *Parratt v. Taylor,* 451, U.S. 527, 540, 101 S. Ct. 1908, 68 L.Ed.2d 1997). The Supreme Court has stated that "an important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation. Id. citing *Gilbert v. Homar*, 520 U.s. 924, 930-931 (1997).

The court's balancing test must determine first the private interest that will be affected by the official action; second the risk of erroneous deprivation through the procedures used; the probably value of additional procedural safeguards, and the governments interest including the administrative burdens that the additional or substitute requirement would entail. *Id.* citing *Mathews v. Eldridge*, 424 U.S. 319 (1976). In determining this, the private interest depends upon the nature of the private interest and duration of the deprivation. Id. citing Gilbert 520 at 932. In Padberg, the Court recognized that the suspension of the Plaintiff's driver's licences, as taxi drivers, deprived them of their livelihood, and noted that the Supreme court recognized that a person's means of support enjoys heightened significance as a property interest.

Under the facts in Padberg, the court examined the summary suspension hearing and determined that the prompt review within 10 days of the license revocation for refusing service was illusory and there was no chance to present evidence. The court then looked at the Matthews factor i.e. that the court evaluates the risk of erroneous deprivation. There the court reviewed the relevant rules and found there is considerable room for misinterpretation in issuing the summons as a reason for the refusal, stripping taxi drivers of their licenses before affording them the opportunity to present their side of the story. The court cited the fact that even an "honest mistake" could cause an inspector to suspend a license. It found that the subjective nature of the evidence distinguished this case. However, the Supreme Court in *Barry v. Barchi*,

433 U.S. 55 was upheld constitutionality of pre-hearing suspensions under a New York statute requiring summary suspensions of a horse trainer's license if he knew or had reason to know that his horse had been drugged. *Id.* at 443 U.S. 66. There the nature of the infraction left little room for error. It was not subject to interpretation or argument. The Court in *Barry* held that a positive drug test is an objectively verifiable piece of evidence that was sufficiently reliable to support a suspension pending a prompt post suspension hearing. *Id.* citing *Barry*, 443 U.S. at 65-66. *Padberg* was distinguished from *Barry* in that the focus was not on fact, but on impressions that were "readily susceptible to mistake and misperception." *Id.* There are other cases where the Supreme Court upheld summary suspensions without hearing where there was a prompt, meaningful post suspension procedure to rectify any erroneous or questionable deprivation. *Id.* at 279.

The court also recognizes that "something less than an evidentiary hearing is sufficient prior to adverse administrative action. *Id.* at 280 citing *Mathews*, 424 U.S. at 343. In the *Padberg* summary hearings within ten days of receipt of the request for hearing, the taxi cab drivers were not permitted to speak on their behalf or present evidence in their defense, some inspectors were not required to appear. *Id.* 280

The Court noted that "[t]he Supreme Court has allowed deprivation prior to a hearing in cases involving pressing and immediate threats to public health and safety." Citing *Mackey*, 443 U.S. at 17, 99 S.Ct. 2612, where there were license deprivation for potential drunk drivers stating that the State had a compelling need for immediate action. Or where a statute provided for summary suspension of a drivers license if the driver accumulated too many moving violations, this was a very serious threat to public safety posed by a repeatedly irresponsible driver requiring a prompt response. *Id.* citing *Dixon*, 431 U.S. at 114, 97 S.Ct. 1723.

The *Padberg* court found that upon its facts, there was not an immediate threat to health and safety that would permit summary suspension and it would be no additional burden to provide procedures in service refusal cases, in addition weighed against the taxi drivers compelling interest in their licenses and the substantial risk of erroneous deprivation balanced against important needs to discipline those who refuse service the court found that the deprivation of plaintiffs pre-suspension violated their due process.

The private interest here is the Plaintiff's business or mercantile license and their property interest in being able to maintain that convenience store business. That private interest is weighed against the public's interest is a safe environment free from drug sales and the other dangerous activities that often accompany drug sales, such as the homicide of an individual who had previously been arrested for selling drugs in front of Plaintiff's business and was shortly therafter shot and died in the Plaintiff's premises. *Exhibit C*

The Court here may find that the City did not act swiftly enough in suspending the license based on the timing when the arrest occurred. The City acted as swiftly as its administration allowed upon a recommendation that based on the illegal drug activity on the premises it should suspend the mercantile license. It then proceeded to provide notice to Plaintiff that they were suspended and were entitled to appeal the decision to suspend the license to the Mercantile department. The City did not prohibit Plaintiff from appearing or presenting evidence or testimony at the hearing as was the case in *Padberg*. The City scheduled the post hearing as swiftly as possible within three days of the suspension on August 29, 2024. This was not a rubber stamp as the Plaintiff argues. The Mercantile department did not immediately issue the decision at the hearing, it was issued days later on September 3, 2024. When the Mercantile department officer Mr. Finch found that the suspension should occur, citing to prior criminal

8

activity, Plaintiff immediately filed the instant action claiming it did not have access to the information and evidence that the City based the decision upon. Exhibit A. Response of Defendant. In fact, Plaintiff previously had been through this process when drugs were located on the premises resulting from a search warrant and store employees were charged with possessing and distributing significant quantities of controlled substances before. At that time the Mercantile license holder was the same and Plaintiff would have been aware of the procedures as well as the prohibition against selling illegal drugs in the store. Plaintiff pleads ignorance of the procedures and of the law when in fact she and the owners or the other members of the 24/7 Mart LLC have already been through this process with the city for the same kind of criminal activity.

When assessing what process is due the court must weigh the nature of the private interest and the duration of the deprivation. *Padbert v. McGrath-Mckechnie*, 203 F. Supp.2d 261 (2002). It is the position of the City that there were adequate post deprivation procedures in place to satisfy due process requirements where a State must act quickly, or where it would be impractical to provide pre-deprivation process. The City's most important goal is the safety and protection of its citizenry. Here, those safety considerations must outweigh the ability of a convenience store to remain open where it has a history of criminal activity and of previous drug sales within and immediately outside of its premises.

## **CONCLUSION**

City of Atlantic City and Dale Finch respectfully requests that the Court find that the City provided the required due process in this matter and its actions did not violate the constitutional rights of Plaintiffs, therefore the suspension should be upheld.

Respectfully submitted,

Michael A. Armstrong & Associates, LLC

On behalf of the City of Atlantic City and Dale Finch

/s/ ***Cristal Holmes-Bowie***

10

# EXHIBIT A

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 11 of 47 PageID:
Case 1:24-cv-08798-ES  :AP    Document 15-1    Filed 09/1C   Page 14 of 21 PageID:
134

## Atlantic City Police Department — Incident Report

| Incident: | | | | |
|---|---|---|---|---|
| U-MFR./DISTRIBUTE CDS (COCAINE) | | | | |

| Incident Report Number: | Between: Date - Time | | And/At: Date-Time | |
|---|---|---|---|---|
| 24-079744 | | | 8/16/24 | 13:11 |

Incident Location:
1406 Atlantic Ave, Atlantic City, NJ, 08401

| Offense - 1: | Offense - 2: | Offense - 3: | Offense - 4: |
|---|---|---|---|
| 2C:35-5A(1) | 2C:35-10A(1) | 2C:35-7.1A | 2C:36-3 |
| Offense - 5: | Offense - 6: | Offense - 7: | Offense - 8: |

| Name (Last, First, Middle) | | DOB: | Race/Sex |
|---|---|---|---|
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |
| Name (Last, First, Middle) | | DOB: | Race/Sex |
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |

Body Worn Camera Used
**NARRATIVE**

City of Atlantic City Police Department
Supplemental Report
Case Number: 24-079744

Detective Grams #962
Special Investigations
Date: 08/16/2024
Time: 1310 hours

Arrested:
Cecil Morgan
DOB: ▮▮▮▮▮▮▮

| Vehicle Information: (Year, Make, Model, Style, Color) | | | | | |
|---|---|---|---|---|---|
| License Number: | State: | Expiration Year: | Vin: | Insurance Company: | |
| Other Vehicle Information: | | | | NCIC# | |

| Reporting Officer(s): | | Badge Number: | Report Date: |
|---|---|---|---|
| Grams, Troy J. | | 962 | 08/16/2024 |

| Time Received: | Time Cleared: | Unit(s) Assigned: | Pages: |
|---|---|---|---|
| 13:11:31 | 14:41:47 | L14, A3B, V15, V20, V27 | 1 Of 24 |

| Reviewed by: | Badge Number: | Copy To |
|---|---|---|
| 646 | 646 | |

Date: 08/16/2024   Offense - 1: 2C:35-5A(1)   Incident Report Number: 24-079744

*MAA/FAHEEM 0014*

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 12 of 47 PageID:
Case 1:24-cv-08798-ES_ _EAP    Document 15-31    Filed 09/1(_ _    Page 15 of 21 PageID:
135

| **Atlantic City Police Department** | | **Continuation** |
|---|---|---|
| Incident Report Number | Incident Location: | Incident Date: |
| 24-079744 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 08/16/2024 |

██████████████████████

Atlantic City, NJ 08401

(Incident Occurred: Possession of Cocaine& Marijuana/Intent/Public Zone)

On the above date and time, I, Detective Grams #962, along with Detective Evans #928 were working in a plain clothes capacity, utilizing an unmarked patrol vehicle.

At approximately 1310 hours, Detectives of the Special Investigations Section were conducting surveillance in the area of 1500 Atlantic Avenue.

This area and the immediate surrounding area is a well-documented high crime & high drug trafficking area where numerous narcotic and weapon related arrests have been made. This department has received numerous complaints about drug trafficking and weapons offenses. There have also been an abundant number of concerned citizens and neighbors complaining about these activities occurring on a daily basis. The complaints along with several arrests made in this area appropriately label this area as a high crime and high drug trafficking area.

While conducting surveillance, Detective Lieutenant Andrews observed the store clerk (later identified as Cecil Morgan) of ████████████ leave the store counter several times and meet with individuals on separate occasions while inside of the store. Morgan was observed possessing a digital scale and conducting exchanges of US currency and small objects consistent with the packaging of narcotics.

An individual (later identified as ████████ was stopped by Detectives on Unit S. Tennessee after being observed inside of the store meeting with Morgan and conducting a suspected narcotics exchange. ████████as found in possession of (1) clear plastic bag which contained suspected marijuana (4.0 grams). ████████nformation was taken, the marijuana was seized and he was sent on his way.

Detective Lieutenant Andrews advised of his observations, in which we coordinated in signaling this location. While coordinating, Morgan was observed meeting with another individual inside of the store, in which he was observed emptying out a plastic bag, then placing serval cigarette cartons inside. Morgan handed this bag to an unknown male which departed east on Atlantic Avenue.

Morgan had exited the store, beginning to walk east on Atlantic Avenue- leaving the store unattended with customers still inside. Morgan was stopped, handcuffed and double locked. A search incident to arrest revealed US Currency scattered and unorganized, in multiple denominations (total $176.00), (1) clear knotted plastic bag containing suspected crack cocaine (12.0 grams), and (1) clear plastic

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Grams, Troy J. | 962 | MAA/FAHEEM 005 24 |

Case 1:24-cv-08798-ESK-EAP   Document 11   Filed 09/13/24   Page 13 of 47 PageID:
Case 1:24-cv-08798-ESK-AP   Document 11-1   Filed 09/10   Page 16 of 21 PageID:
136

| Atlantic City Police Department | | Continuation |
|---|---|---|
| Incident Report Number<br>24-079744 | Incident Location:<br>1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date:<br>08/16/2024 |

bag containing suspected marijuana (0.5 grams).

Atlantic City Mercantile was notified and responded to the scene. AC Mercantile employee located the store's New Jersey Cigarette retail Dealers License, which appeared to have expired on 03/31/2020.

Inside of the store, the following was recovered:

-Numerous cartons of Cigarettes with Virginia State (VA) Taxation Stamps (Seized)

CDS Paraphernalia:
- Numerous copper mesh
-Container containing brass filter screens
-Numerous glass pipes
-Rubber bands
-Numerous colorful labeled plastic bags
-Digital Scale

The store was turned over to owner who was advised and arrived on scene, whom Identified as the following:

Tariq Mehmood
DOB: ███████████
██████████████
██████████████

Upon arrival at the Public Safety Building, all proper paperwork was completed and scanned into pro-phoenix as necessary in reference to this case.

See below for more information regarding this case.

CDS Located:

- (1) plastic bag containing a white rock-like substance (suspected crack cocaine), total weight 12.0 grams including packaging.
- (1) plastic bag containing a green vegetation substance (suspected marijuana), total weight is 4.0 grams including packaging.
-(1) plastic bag containing a green vegetation substance (suspected marijuana), total weight is 0.5

| Reporting Officer(s):<br>Grams, Troy J. | Badge Number:<br>962 | Pages:<br>MAA/FAHEEM 0016<sup>of</sup>24 |
|---|---|---|

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 14 of 47 PageID:
Case 1:24-cv-08798-ES___:AP    Document 15-1    Filed 09/10__    Page 17 of 21 PageID:
137

| **Atlantic City Police Department** | | **Continuation** |
| --- | --- | --- |
| Incident Report Number<br>24-079744 | Incident Location:<br>1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date:<br>08/16/2024 |

grams including packaging.

Other evidence:

- $176.00 in US Currency

Morgan's Charges:

2C:35-10A(1)- Possession of Crack Cocaine- (Third Degree)
2C:35-5B(1)- PWID Crack Cocaine- (Third Degree)
2C:36-3- PWID Drug Paraphernalia- (Fourth Degree)
2C:35-7.1A- PWID Public Zone Cocaine- (Second Degree)
2C:35-7.1A- PWID Public Zone Marijuana- (Third Degree)

Morgan's Summons Number:
0102 S 2024 002881

The CDS evidence for this case was dropped in the CDS bin, and the NON CDS evidence was dropped in the NON-CDS bin located inside of the Public Safety Building. All proper paperwork was completed, the evidence was entered into the pro-phoenix system along with all necessary scanned paperwork.

See my body worn camera that was tagged and categorized for more information regarding this case (Serial No: X6033857Y).

End of report.
Detective Grams #962

| Reporting Officer(s):<br>Grams, Troy J. | Badge Number:<br>962 | Pages:<br>MAA/FAHEEM 00574 |
| --- | --- | --- |

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 15 of 47 PageID:
Case 1:24-cv-08798-ES  EAP    Document 11061    Filed 09/10    Page 18 of 21 PageID:
138



# Atlantic City Police Department

## Continuation

| Incident Record Number | Incident Location: | Incident Date: |
|---|---|---|
| 24-079744 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 08/16/2024 |

## NAMES

### Arrested

Morgan, Cecil ▮
DOB:
HT: 5
Eyes:

Booking#: 24-003483

| Case# | Charge | Description | Ct |
|---|---|---|---|
| 24-079744 | 2C:35-5A(1) | MFR./DISTRIBUTE CDS (COCAINE) | 1 |
| 24-079744 | 2C:36-3 | DISTRIBUTE DRUG PARAPHERNALIA | 1 |
| 24-079744 | 2C:35-10A(1) | POSSESSION OF CDS COCAINE | 2 |
| 24-079744 | 2C:35-7.1A | DIST CDS W/I 500' PUB HSE | 2 |

### Involved

Mehmood, TariQ M A/M-58 of ▮
DOB:
Eyes
Phone

============================================================

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Grams, Troy J. | 962 | 5 of 24 |

MAA/FAHEEM 00184

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 16 of 47 PageID:
Case 1:24-cv-08798-ES   EAP    Document 15 1    Filed 09/1   4    Page 19 of 21 PageID:
139

| **Atlantic City Police Department** | | | **Supplemental Report** | |
|---|---|---|---|---|
| Incident Report Number: 24-079744 | Incident Location: 1406 Atlantic Ave, Atlantic City, NJ, 08401 | | | Incident Date: 08/16/2024 |
| New Incident: | Original Offense - 1: 2C:35-5A(1) | New Offense - 1: | | New Offense - 2: |

## NARRATIVE

On 8-16-24 I, Lt. R. Andrews was in an unmarked vehicle in plainclothes. I was conducting surveillance in the area of 1400 Atlantic concerning numerous complaints of CDS activity. In addition, a recent complaint to the Chief's office concerning drug sales within the store at 1406 Atlantic (24/7 Store ) had been made.

I observed the store clerk, later identified as Cecil Morgan often leave the area of the cash register and walk to a nearby coffee station where he would bend down and manipulate items. He appeared to have a black draw string bag stashed in that area which I found odd.

After observing for approximately 20 minutes, a male and female entered the store. The male spoke with Morgan and did not appear to buy any normal store items. Morgan came from behind the counter and escorted the male to the area of the earlier mentioned coffee station. Morgan bent down and appeared to retrieve a small item consistent with CDS.

I could also observe him using what appeared to be a small silver digital scale which he had in his pant pocket. Currency was exchanged for the item which appeared to be concealed in cellophane and then the male left and walked East with the female placing the item in his pocket.

I had Detectives Dodson and Barrett stop the suspected buyer later identified as ███████. Upon checking him a cellophane bag containing four grams of Marijuana was located in his pocket. This item was confiscated by the Detectives. They retrieved ID from ████ The female in his company advised he had just purchased that from the store. ████ later advised he paid $50.00 for the weed. His information was gathered and he was sent on his way pending further investigation.

At this time, I continued to monitor the store and Morgan the clerk. A young male entered and I observed Morgan walk to a cold box toward the middle of the store. He placed several items into a plastic bag which he appeared to retrieve from the cold box. The unknown young male exited on a bike. He rode directly past me where I could observe the contents in the bag were several cigarette packs. I thought this was also odd as there were plenty of cigarettes on the shelf behind the register.

At this time, we decided to enter the premises. Morgan again left the register unattended and suddenly walked outside to the sidewalk where he was detained. He was explained the situation and walked back into the store. US currency and the silver digital scale were immediately located in his pocket. Roughly a half ounce of crack cocaine was also discovered in the waistband area of his pants. He was later transported to PSB and processed for numerous CDS offenses.

Several items of paraphernalia were located directly behind the counter area where the cash register

| Reporting Officer(s): Andrews, Richard J. | | Badge Number: 646 | Report Date: 08/16/2024 |
|---|---|---|---|
| Reviewed by: 766 | Badge Number: 766 | Copy To: | Page: 1 of 3 |

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 17 of 47 PageID:
Case 1:24-cv-08798-ES⎯EAP    Document 11⎯91    Filed 09/1⎯4    Page 20 of 21 PageID:
140

| **Atlantic City Police Department** | | **Continuation** |
|---|---|---|
| Incident Report Number: 24-079744 | Incident Location: 1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date: 08/16/2024 |

was located in Plainview. Detectives also observed numerous cartons of cigarettes in the earlier mentioned cold box. None of these had the proper NJ tax stamp. Many had Virginia stamps. Several more were located under the register area not displaying the NJ tax stamp. Ironically the cigarettes on clear display on the shelf behind the register did have the proper NJ tax stamp. Numerous cartons were confiscated with notification to the Division of Taxation for follow up and potential future charges for the owner. Mercantile division also came on scene to assist.

  Sometime later, the store owner, Tariq Mehmood arrived on scene. Mehmood was advised of the situation and the mercantile inspector also advised him that whatever Cigarette license he had on display was very outdated. The building was turned over to Mehmood as we cleared the scene. See Det Grams report for more details.

| Reporting Officer(s): Andrews, Richard J. | Badge Number: 646 | Pages: 2 of 3 |
|---|---|---|

MAA/FAHEEM 0020

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 18 of 47 PageID:
Case 1:24-cv-08798-ES EAP    Document 10-1    Filed 09/10 4    Page 21 of 21 PageID:
141

# Atlantic City Police Department

**Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 24-079744 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 08/16/2024 |

**NAMES**

**Arrested**

   Morgan, Cecil ███████████████████████████████████████████
   DOB: ██████████████████████████████████████
   HT: 5██████████████████
   Eyes: ███████████████████

   Booking#: 24-003483

| Case# | Charge | Description | Ct |
|---|---|---|---|
| 24-079744 | 2C:35-5A(1) | MFR./DISTRIBUTE CDS (COCAINE) | 1 |
| 24-079744 | 2C:36-3 | DISTRIBUTE DRUG PARAPHERNALIA | 1 |
| 24-079744 | 2C:35-10A(1) | POSSESSION OF CDS COCAINE | 2 |
| 24-079744 | 2C:35-7.1A | DIST CDS W/I 500' PUB HSE | 2 |

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Andrews, Richard J. | 646 | 3 of 3 |

*MAA/FAHEEM 0021*

# EXHIBIT B

# SCOTT E. BECKER
### *Attorney at Law*
**1123 S. Main Street**
**Pleasantville, New Jersey 08232**
**609-383-0559**
**FAX: 609-383-0287**
**E-mail: scottlaw1@comcast.net**

September 25, 2018

Dale L. Finch, Director
Department of Licensing & Inspections
City Hall-Suite 306
1301 Bacharach Boulevard
Atlantic City, NJ 08401

Mercantile Licensing Division
City Hall
1301 Bacharach Boulevard
Atlantic City, NJ 08401

Re: 24 Seven Food Mart
License Revocation/Suspension
1406 Atlantic Avenue
Atlantic City, NJ

Dear Mr. Finch:

Please be advised that I have been retained by 24 Seven Food Mart with regard to the above matter. I am in receipt of the Notice of License Revocation/Suspension of the license to operate the above convenience store.

Pursuant to the instructions in the Notice, I hereby request that a hearing be scheduled in this matter.

Please advise if any further information is necessary. Thank you.

Very truly yours,

SCOTT E. BECKER

RECEIVED BY:

SEP 25 2018

ATLANTIC CITY MERCANTILE

# CITY OF ATLANTIC CITY

DEPARTMENT OF LICENSING & INSPECTIONS
1301 BACHARACH BOULEVARD
CITY HALL – SUITE 306
ATLANTIC CITY, NJ 08401-4603
Telephone: 609-347-5290
Fax: 609-347-5522



## NOTICE OF INTENT TO REVOKE MERCANTILE LICENSE/SUSPEND ALL BUSINESS OPERATIONS

Via Hand Delivery & Certified Mail                September 24, 2018

24 Seven Food Mart
c/o Jasmin Faheem
1406 Atlantic Avenue
Atlantic City, NJ 08401

**Re:**   **24 Seven Food Mart – 1406 Atlantic Avenue**

Dear Ms. Faheem:

The Mercantile Office has confirmed that you are the registered owner of the above-referenced store which was issued Mercantile License No. LH-06458 on August 16, 2018. I have been notified that on or about Friday, September 24, 2018, Faheem Tariq and Clarence A. Small were arrested at this location by the Atlantic City Police Department and charged with various criminal offenses (see attached), which are in violation of the City of Atlantic City's Code §170-10, 170-13 (3) and (4).

**Therefore, your Mercantile License No. LH-06458 is being considered for revocation/suspension.**

Please be advised that you have the right to appeal this Notice within five (5) days by of the Receipt of this Notice by filing a written notice of appeal with the Mercantile Licensing Division and an Administrative Hearing will be scheduled at which time evidence may be presented by either party.

Sincerely,

Dale L. Finch
Director

DLF/laa
Attachments
Copy:   Jason Holt, Business Administrator          Lisa Byard, Chief License Inspector
        Tauheed Shamsiddeen, Chief License Inspector   Yvonne Rawson, Mercantile
        Henry White, Chief, Atlantic City Police Department   Deputy Chief Jerry Barnhart, ACPD
        Eileen Lindinger, Assistant City Solicitor      Deputy Chief James A. Sarkos, ACPD

*MAA/FAHEEM 0003*

**Dale Finch**

| | |
|---|---|
| **From:** | Corcoran, Daniel R <DCorcoran@acpolice.org> |
| **Sent:** | Thursday, September 20, 2018 10:46 AM |
| **To:** | Dale Finch |
| **Cc:** | Pierce, Bridget; Andrews Jr, Richard; Herrerias,William |
| **Subject:** | 1406 Atlantic Avenue 24 Seven Deli Food Market |
| **Attachments:** | copy of charges teriq and small.pdf; copy of search warrant 24 seven.pdf |

Sir,

Last night the ACPD Narcotics unit conducted a search warrant on a store located at 1406 Atlantic Avenue. The search warrant was the culmination of a lengthy investigation where it was found that the night clerk, Faheem Teriq, was selling narcotics from the storefront during the late night hours.

Located during the search was approximately 1 ounce of crack cocaine, 100 bags of heroin and prescription pills. The crack cocaine was located in a deli section freezer, the heroin was located in a small compartment under the coffeemaker and the pills were located next to the register. The investigation and the evidence located in the search warrant proved that the narcotics distribution and the business were one and the same.

In addition to Faheem Teriq, a second male was arrested on scene. The male, Clarence Small, was also named in the search warrant and claimed to be working at the store when questioned by detectives. Controlled buys were conducted at the store from both individuals during the course of the investigation.

I suspect that you all will be revoking the mercantile license. If you need anything from our office please let me know. I have attached a copy of the charges each individual received as well as a copy of the search warrant for the store.

Respectfully,

Sgt. D. Corcoran
Atlantic City Police Department
Special Investigations Unit

9/20/18  Gave copies to Tauheed for inspections

1

*MAA/FAHEEM 0005*

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| 0102 | S | 2018 | 003257 |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY VS.*

**FAHEEM TARIQ**

ATLANTIC CITY MUNICIPAL COURT
2715 ATLANTIC AVE
ATLANTIC CITY       NJ  08401-0000
609-347-5560 COUNTY OF: ATLANTIC

ADDRESS: ▓▓▓▓▓▓▓▓▓▓.
▓▓▓▓▓▓▓▓▓▓▓  NJ ▓▓▓▓▓

| # of CHARGES 13 | CO-DEFTS | POLICE CASE #: 1809-0860 |
|---|---|---|

COMPLAINANT NAME: WILLIAM HERRERIAS
2715 ATLANTIC AVE
ATTN: WARRANTS
ATLANTIC CITY       NJ  08401

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN       DOB: ▓▓▓▓▓
DRIVER'S LIC. #.                             DL STATE:
SOCIAL SECURITY #: xxx-xx-▓▓▓▓     SBI #: 754738G
TELEPHONE #:                    (    )
LIVESCAN PCN #: 010204009507

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 09/20/2018 in       ATLANTIC CITY       ,  ATLANTIC       County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE OVER 1/2 OUNCE, THIS IN VIOLATION OF NJS 2C:35-10A(1).  A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE OVER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE, THIS IN VIOLATION OF NJS 2C:35-10A(1).  A CRIME OF THE SECOND DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE OVER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY LIBRARY, THIS IN VIOLATION OF NJS 2C:35-7.1A.  A CRIME OF THE SECOND DEGREE.

In violation of:

| | 1) 2C:35-10A(1) | 2) 2C:35-5A(1) | 3) 2C:35-7.1A |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |

**CERTIFICATION:**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ WILLIAM  HERRERIAS       Date: 09/20/2018

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

**SUMMONS**

YOU ARE HEREBY SUMMONED to appear before the  Superior Court       in the county of:  ATLANTIC

at the following address:  ATLANTIC SUPERIOR COURT

4997 UNAMI BLVD                                          MAYS LANDING       NJ 08330-0000

If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:  09/20/2018   Appearance Date:  10/19/2018   Time: 10:00AM   Phone: 609-625-7000

Signature of Person Issuing Summons: _____ WILLIAM  HERRERIAS       Date: 09/20/2018

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 7                              NJ/CDR1.1/1/2017

MAA/FAHEEM  0008

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2018** | **003257** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | FAHEEM  TARIQ |

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: HEROIN UNDER 1/2 OUNCE, THIS IN VIOLATION OF NJS 2C:35-10A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: HEROIN UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE, THIS IN VIOLATION OF NJS 2C:35-5A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: HEROIN UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY LIBRARY, THIS IN VIOLATION OF NJS 2C:35-7.1A. A CRIME OF THE SECOND DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: ENDOCET UNDER 1/2 OUNCE, THIS IN VIOLATION OF NJS 2C:35-10A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: ENDOCET UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE, THIS IN VIOLATION OF NJS 2C:35-5A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: ENDOCET UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY LIBRARY, THIS IN VIOLATION OF NJS 2C:35-7.1A. A CRIME OF THE SECOND DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: OXYCODONE UNDER 1/2 OUNCE, THIS IN VIOLATION OF NJS 2C:35-10A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: OXYCODONE UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE, THIS IN VIOLATION OF NJS 2C:35-5A(1). A CRIME OF THE THIRD DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: OXYCODONE UNDER 1/2 OUNCE WITH THE INTENT TO DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY LIBRARY, THIS IN VIOLATION OF NJS 2C:35-7.1A. A CRIME OF THE SECOND DEGREE.

WITHIN THE JURISDICTION OF THIS COURT, DID CONSPIRE WITH CLARENCE SMALL TO COMMIT A VIOLATION OF THE AUXILIARY OFFENSE OF 2C:35-5A(1), SPECIFICALLY BY DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE OVER 1/2 OUNCE, THIS IN VIOLATION OF NJS 2C:5-2A(1). A CRIME OF THE THIRD DEGREE.

| Original Charge | 4) 2C:35-10A(1) | 5) 2C:35-5A(1) | 6) 2C:35-7.1A |
|---|---|---|---|
| Amended Charge | | | |

**COMPLAINT - SUMMONS**

Page 1 of 7    NJ/CDR1 1/1/2017

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | |
|---|---|---|---|---|
| 0102 | S | 2018 | 003256 | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

*THE STATE OF NEW JERSEY*
*VS.*
CLARENCE A SMALL

ATLANTIC CITY MUNICIPAL COURT
2715 ATLANTIC AVE
ATLANTIC CITY       NJ  08401-0000
609-347-5560  COUNTY OF: ATLANTIC

ADDRESS :
███████████████
█████████  NJ ██████████

| # of CHARGES 13 | CO-DEFTS | POLICE CASE #: 1809-0860 |
|---|---|---|

COMPLAINANT NAME: WILLIAM     HERRERIAS
2715 ATLANTIC AVE
ATTN: WARRANTS
ATLANTIC CITY        NJ  08401

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN        DOB: ████████
DRIVER'S LIC. #.                          DL STATE:
SOCIAL SECURITY #: xxx-xx-████      SBI #: 382186C
TELEPHONE #:                    ( )
LIVESCAN PCN #: 010204009506

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named
defendant on or about 09/20/2018 in      ATLANTIC CITY      ,      ATLANTIC  County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: COCAINE, OVER A 1/2 OUNCE. THIS IN VIOLATION OF NJ
2C:35-10A(1)

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: HEROIN, UNDER A 1/2 OUNCE. THIS IN VIOLATION OF NJ
2C:35-10A(1)

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: ENDOCET, UNDER A 1/2 OUNCE. THIS IN VIOLATION OF NJ
2C:35-10A(1)

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: OXYCODONE, UNDER A 1/2 OUNCE. THIS IN VIOLATION OF

in violation of:

| Original Charge | 1) 2C:35-10A(1) | 2) 2C:35-10A(1) | 3) 2C:35-10A(1) |
|---|---|---|---|
| Amended Charge | | | |

## CERTIFICATION:

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false,
I am subject to punishment.

Signed: _____     WILLIAM     HERRERIAS          Date: 09/20/2018

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the
issuance of this Complaint-Summons.

**SUMMONS**
YOU ARE HEREBY SUMMONED to appear before the  Superior Court      in the county of:   ATLANTIC
at the following address:  ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD                                 MAYS LANDING        NJ 08330-0000
If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:  09/20/2018   Appearance Date:  09/26/2018   Time: 09:00AM  Phone: 609-625-7000

Signature of Person Issuing Summons: _____     WILLIAM     HERRERIAS          Date: 09/20/2018

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 7                                NJ/CDR1.1/1/2017

MAA/FAHEEM 0010

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| 0102 | S | 2018 | 003256 | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | CLARENCE A SMALL |

NJ 2C:35-10A(1)

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE, OVER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE. THIS IN VIOLATION OF NJ 2C:35-5A(1)

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: HEROIN, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE. THIS IN VIOLATION OF NJ 2C:35-5A(1)

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: ENDOCET, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE. THIS IN VIOLATION OF NJ 2C:35-5A(1)

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: OXYCODONE, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE. THIS IN VIOLATION OF NJ 2C:35-5A(1)

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE, OVER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE WITHIN 500FT OF THE ATLANTIC CITY LIBRARY. THIS IN VIOLATION OF NJ 2C:35-7.1A

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: HEROIN, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE WITHIN 500FT OF THE ATLANTIC CITY LIBRARY. THIS IN VIOLATION OF NJ 2C:35-7.1A

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: OXYCODONE, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE WITHIN 500FT OF THE ATLANTIC CITY LIBRARY. THIS IN VIOLATION OF NJ 2C:35-7.1A

WITHIN THE JURISDICTION OF THIS COURT,DID KNOWINGLY POSSESS A CONTROLLED DANGEROUS SUBSTANCE TO WIT: ENDOCET, UNDER A HALF OUNCE WITH AN INTENT TO DISTRIBUTE WITHIN 500FT OF THE ATLANTIC CITY LIBRARY. THIS IN VIOLATION OF NJ 2C:35-7.1A

WITHIN THE JURISDICTION OF THIS COURT,DID CONSPIRE WITH FAHEEM TARIQ TO COMMIT A VIOLATION OF THE AUXILARY OFFENSE OF 2C:35-5A(1), SPECIFICALLY BY DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE OVER A HALF OUNCE. THIS IN VIOLATION OF 2C:5-2A(1)

| Original Charge | 4) 2C:35-10A(1) | 5) 2C:35-5A(1) | 6) 2C:35-5A(1) |
|---|---|---|---|
| Amended Charge | | | |

## COMPLAINT - SUMMONS
Page 1 of 7

NJ/GDR1 1/1/2017

MAA/FAHEEM 0011

## Atlantic City Police Department          Incident Report

Date: 09/19/2018

of

Incident Report Number: 18-090860

| Incident: | | | |
|---|---|---|---|
| Incident Report Number:<br>18-090860 | Between: Date - Time | And/At: Date-Time | |

Incident Location:
1400 Atlantic Ave, Atlantic City, NJ, 08401

| | | | | |
|---|---|---|---|---|

| Name (Last, First, Middle) | | DOB: | Race/Sex |
|---|---|---|---|
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |

| Name (Last, First, Middle) | | DOB: | Race/Sex |
|---|---|---|---|
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |

### NARRATIVE

On September 20, 2018 I along with members of the Atlantic City Special Investigations Section executed a search warrant on the Twenty Four Seven Deli Food Market located at 1406 Atlantic Avenue. The search warrant was reviewed and approved by Judge B. Moore. Targets of the investigation were Faheem Tariq and Clarence Small. It was found prior to the execution of the search warrant that Small had an active warrant for his arrest out of the city of Pleasantville. This investigation was initiated in response to an overwhelming amount of complaints regarding drug activity occurring at the Twenty Four Seven Deli Food Market. During the course of the investigation it was discovered that Clarence Small and Faheem Tariq were working together to distribute narcotics from the store. Tariq is the son of the owner of the store (Tariq Mehmood) and Tariq was distributing narcotics while working behind the counter. I conducted controlled purchases of narcotics from both suspects during the investigation. In addition, it was determined that Small and Tariq would utilize the deli area and the coffee area of the store for their transactions. Confidential informants provided

| Vehicle Information: (Year, Make, Model, Style, Color) | | | | | |
|---|---|---|---|---|---|
| License Number: | State: | Expiration Year: | Vin: | Insurance Company: | |
| Other Vehicle Information: | | | | NCIC# | |

| Reporting Officer(s):<br>Herrerias IV, William | | Badge Number:<br>774 | Report Date:<br>09/19/2018 |
|---|---|---|---|
| Time Received:<br>23:59:13 | Time Cleared:<br>08:19:13 | Unit(s) Assigned: | Pages: |
| Reviewed by:<br>766 | | Badge Number:<br>766 | Copy To: |

*MAA/FAHEEM 0148*

| Atlantic City Police Department | | | Continuation |
|---|---|---|---|
| Incident Report Number 18-090860 | Incident Location: 1400 Atlantic Ave, Atlantic City, NJ, 08401 | | Incident Date: 09/19/2018 |

information detailing a black satchel where narcotics were often kept by the individuals selling in the store. Surveillance was conducted on the store for a period of time prior to executing the search warrant. During said surveillance Small was observed loitering in the store and on the sidewalk in front of the store while Tariq was operating the register inside of the store. Upon execution of the search warrant Small was taken into custody immediately for the active warrant for his arrest. Small claimed to work at the store and his car keys were located hanging from a hook behind the counter. Tariq was placed into custody while additional CDS was found throughout the store (see below.) The following items that are listed below were seized from the store during the execution of the search warrant: Approximately 26 grams of cocaine located behind the counter in the deli section by Detective Herrerias. Clear sandwich bag containing approximately 16 Endocet located behind the front counter, next to the cash register by Detective Herrerias Clear sandwich bag containing approximately 13 Oxycodone located behind the front counter, next to the cash register by Detective Herrerias A total of $1837.00 located behind the front counter and on Tariq's person located by Detective Herrerias A total of $169.00 located on Small's person by Detective Herrerias A black satchel containing approximately 87 white wax bags stamped "TOM FORD" containing a powdered substance believed to be heroin located in the coffee area by Detective Sgt. Andrews. Both Tariq and Small were taken into custody and charged with the below listed offenses: Possession of CDS (cocaine), Possession of CDS (heroin), Possession of CDS (Endocet), Possession of CDS (Oxycodone), Possession of CDS with Intent to Distribute (cocaine over ½ ounce) Possession of CDS with Intent to Distribute (heroin), Possession of CDS with Intent to Distribute (Endocet), Possession of CDS with Intent to Distribute (Oxycodone), Possession of CDS with Intent to Distribute within 500 feet of Public Property Specifically the Public Library (cocaine), Possession of CDS with Intent to Distribute within 500 feet of Public Property Specifically the Public Library (heroin), Possession of CDS with Intent to Distribute within 500 feet of Public Property Specifically the Public Library (Endocet), Possession of CDS with Intent to Distribute within 500 feet of Public Property Specifically the Public Library (Oxycodone) and Conspiracy.

| Reporting Officer(s): Herrerias IV, William | Badge Number: 774 | Pages: 2 of 2 |
|---|---|---|

MAA/FAHEEM 0149

# **EXHIBIT C**

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | |
|---|---|---|---|---|
| 0102 | S | 2023 | 000411 | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

**THE STATE OF NEW JERSEY**
**VS.**
TAMAJ Q BENNETT

ATLANTIC CITY MUNICIPAL COURT
2715 ATLANTIC AVE
ATLANTIC CITY          NJ  08401-0000
609-347-5560  COUNTY OF: ATLANTIC

ADDRESS: ~~_____~~
~~_____~~
ATLANTIC CITY          NJ 08401-0000

| # of CHARGES 4 | CO-DEFTS | POLICE CASE #: 23-013840 |
|---|---|---|

COMPLAINANT NAME: IVAYLO   IVANOV
2715 ATLANTIC AVE
ATTN: WARRANTS
ATLANTIC CITY          NJ  08401

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN      DOB: ~~_____~~
DRIVER'S LIC. #:                          DL STATE:
SOCIAL SECURITY #:                    SBI #: ~~_____~~
TELEPHONE #:                  ( )
LIVESCAN PCN #: 010204018024

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 02/09/2023 in    ATLANTIC CITY    ,    ATLANTIC   County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY OR PURPOSELY OBTAIN OR POSSESS, ACTUALLY OR CONSTRUCTIVELY, A CONTROLLED DANGEROUS SUBSTANCE OR A CONTROLLED SUBSTANCE ANALOG CLASSIFIED IN SCHEDULE I, II, III OR IV THAT WAS NOT OBTAINED DIRECTLY, OR PURSUANT TO A VALID PRESCRIPTION OR ORDER FORM FROM A PRACTITIONER, SPECIFICALLY BY BEING IN POSSESSION OF A WHITE ROCK LIKE SUBSTANCE CONSISTENT WITH CDS COCAINE.

THIS IS IN VIOLATION OF N.J.S. 2C:35-10A(1) (A THIRD DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY OR PURPOSELY POSSESS OR CONTROL WITH INTENT TO DISTRIBUTE COCAINE (OR ITS ANALOG) IN A QUANTITY OF LESS THAN A ½ OUNCE, SPECIFICALLY BY BEING IN POSSESSION OF A WHITE ROCK LIKE SUBSTANCE CONSISTENT WITH PACKAGED COCAINE.

in violation of:

| Original Charge | 1) 2C:35-10A(1) | 2) 2C:35-5B(3) | 3) 2C:35-7.1A |
|---|---|---|---|
| Amended Charge | | | |

**CERTIFICATION:**
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____  IVAYLO    IVANOV  _____  Date: 02/09/2023

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

**SUMMONS**
YOU ARE HEREBY SUMMONED to appear before the    Superior Court    in the county of:   ATLANTIC
at the following address:  ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD                                    MAYS LANDING          NJ 08330-0000
If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:   02/09/2023    Appearance Date:   03/10/2023    Time: 10:00AM    Phone: 609-625-7000

Signature of Person Issuing Summons:          IVAYLO    IVANOV                    Date: 02/09/2023

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 11                MAA/FAHEEM 0123

## COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| 0102 | S | 2023 | 000411 | TAMAJ Q BENNETT |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

THIS IS IN VIOLATION OF N.J.S. 2C:35-5B(3) (A THIRD DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, VIOLATE N.J.S. 2C:35-5A WHILE IN, ON OR WITHIN 500 FEET OF REAL PROPERTY COMPRISING A PUBLIC BUILDING, SPECIFICALLY BY POSSESSING A WHITE ROCK LIKE SUBSTANCE CONSISTENT WITH PACKAGED COCAINE WITH THE INTENT TO DISTRIBUTE, WITHIN 500 FEET OF THE "ATLANTIC CITY PUBLIC LIBRARY".

THIS IS IN VIOLATION OF N.J.S. 2C:35-7.1A (A SECOND DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY OR KNOWINGLY DISOBEY A JUDICIAL ORDER OR PROTECTIVE ORDER, SPECIFICALLY BY LOITERING WITHIN 500FT. OF 1532 ATLANTIC AVENUE, ATLANTIC CITY, NJ 08401, AFTER BEING SERVED WITH A DRUG OFFENDER RESTRAINING ORDER.

THIS IS IN VIOLATION OF N.J.S. 2C:29-9A (A FOURTH DEGREE CRIME).

| Original Charge | 4) 2C:29-9A | | |
|---|---|---|---|
| Amended Charge | | | |

## COMPLAINT - SUMMONS

Page 2 of 11                    NJCDR1 1/1/2017

MAA/FAHEEM 0124-6

## Atlantic City Police Department — Incident Report

**Incident:**
U-POSSESSION/USE OF CDS

| Incident Report Number: | Between: Date - Time | | And/At: Date-Time | |
|---|---|---|---|---|
| 23-013840 | | | 2/9/23 | 20:04 |

**Incident Location:**
1406 Atlantic Ave, Atlantic City, NJ, 08401

| Offense - 1: | Offense - 2: | Offense - 3: | Offense - 4: |
|---|---|---|---|
| 2C:35-10 | | | |
| **Offense - 5:** | **Offense - 6:** | **Offense - 7:** | **Offense - 8:** |
| | | | |

| Name (Last, First, Middle) | | DOB: | Race/Sex |
|---|---|---|---|
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |

| Name (Last, First, Middle) | | DOB: | Race/Sex |
|---|---|---|---|
| Address: (Address, City, State, Zip) | | | Phone 1 |
| Employer | | | Phone 2 |
| Employer Address | | | Work Phone # |

Body Worn Camera Used
**NARRATIVE**

Case#: 23-013840

Date: Thursday, February 09, 2023

Time: 2004 hrs.

Initial Report

On the above date and time, I, Officer Ivanov #960, along with Officers E. Evans #928, A. Jones #940 and A. Valles #885, were assigned to an overtime assignment, specifically named the Strike Team. While working this overtime assignment we were tasked with patrolling specific areas of the city where a large amount of narcotics deals are made.

| Vehicle Information: (Year, Make, Model, Style, Color) | | | | |
|---|---|---|---|---|
| License Number: | State: | Expiration Year: | Vin: | Insurance Company: |
| Other Vehicle Information: | | | | NCIC# |

| Reporting Officer(s): | Badge Number: | Report Date: |
|---|---|---|
| Ivanov, Ivaylo | 960 | 02/09/2023 |

| Time Received: | Time Cleared: | Unit(s) Assigned: | Pages: | |
|---|---|---|---|---|
| 20:04:04 | 20:39:16 | B6A, D46 | | 1 Of 26 |

| Reviewed by: | Badge Number: | Copy To |
|---|---|---|
| 833 | 833 | |

Date: 02/09/2023
Offense - 1: 2C:35-10
Incident Report Number: 23-013840

MAA/FAHEEM 0118

| Atlantic City Police Department | | Continuation |
|---|---|---|
| Incident Report Number 23-013840 | Incident Location: 1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date: 02/09/2023 |

While stopped at the red light on Tennessee Avenue and Atlantic Avenue, I observed a male identified as Tamaj Bennet along with several other individuals standing in front of 1406 Atlantic Avenue convenient store. Bennet was believed to have an active Drug Offender Restraining Order (DORO) and was in violation. Bennet and a second individual began to engage in a conversation and eventually separated themselves from the group. Bennet and the individual stopped, faced one another as Bennet retrieved a clear plastic bag containing white rock like substance consistent to packaged crack cocaine. As Bennet attempted to give the CDS to the male, we quickly pulled up on them with our windows slightly opened. Officers heard bystanders shouting "twelve, put it away". With my training and experience "twelve" is a commonly used street slang for identifying police.

As we exited our unmarked police vehicle wearing vests marked "police" with badges, Bennet retrieved the packaged CDS, and quickly separated himself from the individual. Bennett then began to walk in the opposite direction and rapidly entered the store (1406 Atlantic Avenue) towards the rear. I immediately entered the store after observing Bennet turning around from the front of the vegetable refrigerator. Bennet was placed in handcuffs without further incident.

After checking the immediate area where I observed Bennet, I located a clear plastic containing a white rock like substance consistent with CDS cocaine (3 grams) in the refrigerator. Officers checked the second individual, but checked negative for any CDS.

Bennet has been served a Drug Offenders Restraining Order on 12/07/2022 (case # 22-095131). The "DORO" is for 1542 Atlantic Avenue and an additional buffer zone of 500 feet surrounding the area. A copy was attached to the case folder.

Bennet was found to be in possession of $47.00 U.S currency. Due to the different denominations of currency, amount of narcotic, it led me to believe that he was selling the narcotics and the currency on his possession are proceeds from the sale of narcotics and was seized. Currency seizure form was completed.

Currency seized from Bennett:

4 X $5.00

27 X $1.00

Total: $47.00

Bennet checked negative for any outstanding warrants and was released on a summons. Body camera footage was tagged with the proper case number.

| Reporting Officer(s): Ivanov, Ivaylo | Badge Number: 960 | Pages: 2 of 26 |

MAA/FAHEEM 0119

| **Atlantic City Police Department** | | **Continuation** |
|---|---|---|
| Incident Report Number:<br>23−013840 | Incident Location:<br>1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date:<br>02/09/2023 |

Charges:

2C:35-10A (1)

2C:35-5A (1)

2C:29-9

2C:35-7.1A

Summons #: 0102 S 2023 000411

**** End of Report****

Officer I. Ivanov #960

| Reporting Officer(s):<br>Ivanov, Ivaylo | Badge Number:<br>960 | Pages:<br>3 of 26 |
|---|---|---|

MAA/FAHEEM 0120

## Atlantic City Police Department

**Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 23-013840 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 02/09/2023 |

**NAMES**

**Arrested**

Bennett, Tamaj  B/M-18 of ~~redacted~~
DOB: ~~redacted~~
HT: 600   WT: 220   Hair: Black
Eyes: Brown   Complexion: Dark Brown

Booking#: 23-000408

| Case# | Charge | Description | Ct |
|---|---|---|---|
| 23-013840 | 2C:35-10 | POSSESSION/USE OF CDS | 1 |

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Ivanov, Ivaylo | 960 | 4 of 26 |

MAA/FAHEEM 0121

| Atlantic City Police Department | | Continuation |
|---|---|---|
| Incident Report Number<br>23-013840 | Incident Location:<br>1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date:<br>02/09/2023 |

## PROPERTY LIST

Found in possession of: Bennett, Tamaj, ████████████████████, NJ, 08401

Recovered Location: **1406 Atlantic Ave**

Recovered Date: **02/09/23 22:11**

-------------------------------------------------------------------

| Item# | Type | Reason |
|---|---|---|

-------------------------------------------------------------------

23-001431 - 1                    Seized/Confiscated

**Description:**    One plastic bag containing cocaine

**Quan/Value:**    1.000 / $0.00    **Disposition:**    Sent to the Property Room

-------------------------------------------------------------------

Recovered Location: **1406 Atlantic Ave**

Recovered Date: **02/09/23 22:13**

-------------------------------------------------------------------

| Item# | Type | Reason |
|---|---|---|

-------------------------------------------------------------------

23-001432 - 1  Security                    Evidence

**Description:**    $47.00 US paper currency.

**Type:**    Cash - Federal Reserve**Denom:**    0.00

**Quan/Value:**    1.000 / $0.00

**Disposition:**    Sent to the Property Room

| Reporting Officer(s):<br>Ivanov, Ivaylo | Badge Number:<br>960 | Pages:<br>5 of 26 |
|---|---|---|

MAA/FAHEEM 0122

Contains Juvenile Info

## Atlantic City Police Department — Incident Report

| | | | | | Date: 06/18/2023 |
|---|---|---|---|---|---|

Incident:
**1-CRIMINAL HOMICIDE**

| Incident Report Number: 23-061029 | Between: Date - Time | | And/At: Date-Time 6/18/23 | 03:34 |
|---|---|---|---|---|

Incident Location:
**1408 Atlantic Ave, Atlantic City, NJ, 08401**

| Offense - 1: 2C:11-2 | Offense - 2: | Offense - 3: | Offense - 4: |
|---|---|---|---|
| Offense - 5: | Offense - 6: | Offense - 7: | Offense - 8: |

| V | Name (Last, First, Middle) Bennett, Tamaj Q | DOB 10/19/2004 | Race/Sex B/M |
|---|---|---|---|

| Address: (Address, City, State, Zip) | | Phone 1 |
|---|---|---|
| Employer | | Phone 2 |
| Employer Address | | Work Phone # |

| | Name (Last, First, Middle) | DOB | Race/Sex |
|---|---|---|---|

| Address: (Address, City, State, Zip) | | Phone 1 |
|---|---|---|
| Employer | | Phone 2 |
| Employer Address | | Work Phone # |

**NARRATIVE**

ACPD 23-061029

The above case number has been turned over to the Atlantic County Prosecutor's Office, Major Crimes Unit, case number ACPO231044. This case has been assigned to Detective Armani Rex. The victim has been identified as Tamaj Bennett, DOB ███████. The next of kin has been notified.

On July 3, 2023, the defendant was identified as Juvenile, ████████████, was located and arrested in Fulton, GA by the South Fulton Police Department. An extradition hearing is pending.

| Vehicle Information: (Year, Make, Model, Style, Color) | | | | | |
|---|---|---|---|---|---|
| License Number: | State: | Expiration Year: | Vin: | Insurance Company: | |
| Other Vehicle Information: | | | | NCIC# | |

| Reporting Officer(s): Cruz, Mitzi M. | | Badge Number: 726 | Report Date: 06/18/2023 |
|---|---|---|---|
| Time Received: 03:34:40 | Time Cleared: 17:31:04 | Unit(s) Assigned: C1A, C1B, C2A, C4A, C4B, C5A, | Pages: 1 Of 2 |
| Reviewed by: 766 | Badge Number: 766 | Copy To | |

Offense - 1: 2C:11-2

Incident Report Number: 23-061029

MAA/FAHEEM 0112

## Atlantic City Police Department

### Continuation

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 23-061029 | 1408 Atlantic Ave, Atlantic City, NJ, 08401 | 06/18/2023 |

**NAMES**

**Arrested**

███████ ██████ B/M-17 of ███████ Ave, Atlantic City,NJ,08401
DOB: ███████

══════════════════════════════════════════════════════════════════

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Cruz, Mitzi M. | 726 | 2 of 2 |

~~MAA/FAHEEM 0113~~

| **Atlantic City Police Department** | | | | **Supplemental Report** |
|---|---|---|---|---|
| Incident Report Number: 23-061029 | Incident Location: 1408 Atlantic Ave, Atlantic City, NJ, 08401 | | | Incident Date: 06/18/2023 |
| New Incident: | | Original Offense - 1: ADM-47 ONLY NJ | New Offense - 1: | New Offense - 2: |

NARRATIVE

**Case Number #23-061029**
**Atlantic City Police Department**
**Officer A. Nunez-Santos #972**
**Date: 06/18/2023**

During this incident, I was utilizing Body Worn Camera 052, serial number X6033983Y. All footage of the incident was tagged and categorized accordingly. It should be noted that a review of Body-Worn Camera footage of the incident was conducted during the authoring of this report.
Below is a synopsis of events that occurred based on information I gathered and observed. Please refer to my body-worn camera (B.W.C.) footage for a more detailed account of the events.

On Sunday, June 18th, 2023, I, Officer A. Nunez-Santos, badge #972, was assigned to Charlie 1 Platoon in uniform patrol utilizing a marked patrol vehicle K-9, as unit K11 along with my Narcotics and Patrol Canine Narco. At approximately 0333 hours, I received a notification alert of 12 rounds being fired at the 1400 block of Atlantic Avenue.

Upon arrival, I entered the store at 1406 Atlantic Avenue and observed a black male laying on the ground with blood all over his chest. Another male was trying to assist and render aid to the male; inside the store, multiple bystanders stood around.

I cut the males shirt off to see where the wounds were in the chest area. I observed multiple chest wounds and tried to render aid. I advised dispatch to advise the ambulance that we had a wounded male and to have them expedite their response. I tried talking to the male to keep him awake and open his mouth so that he could breathe.

The ambulance arrived on the scene, and we lifted the male to the stretcher. All the bystanders were moved and asked to leave the store. The crime scene was secured, and I moved my patrol vehicle to block all traffic on Atlantic Ave and Tennessee. Major Crime from the Atlantic County Prosecutor's office arrived on the scene and processed the scene.

| Reporting Officer(s): Nunez-Santos, Adrian A. | | Badge Number: 972 | Report Date: 06/22/2023 |
|---|---|---|---|
| Reviewed by: 911 | Badge Number: 911 | Copy To: | Page: 1 Of 2 |

*MAA/FAHEEM 0114*

**Atlantic City Police Department**                                    **Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 23-061029 | 1408 Atlantic Ave, Atlantic City, NJ, 08401 | 06/18/2023 |

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Nunez-Santos, Adrian A. | 972 | 2 Of 2 |

MAA/FAHEEM 0115

| ATLANTIC CITY POLICE N.J. | Atlantic City Police Department | | | Incident Report | | | Date: 01/25/2024 |
|---|---|---|---|---|---|---|---|
| | Incident: U-POSSESSION/USE OF CDS | | | | | | |
| | Incident Report Number: 24-007494 | | Between: Date - Time | | And/At: Date-Time 1/25/24 | 21:23 | |
| | Incident Location: 1406 Atlantic Ave, Atlantic City, NJ, 08401 | | | | | | |
| | Offense - 1: 2C:35-10 | Offense - 2: | | Offense - 3: | Offense - 4: | | Offense - 1: 2C:35-10 |
| | Offense - 5: | Offense - 6: | | Offense - 7: | Offense - 8: | | |
| Name (Last, First, Middle) | | | | DOB: | Race/Sex | | |
| Address: (Address, City, State, Zip) | | | | | Phone 1 | | |
| Employer | | | | | Phone 2 | | |
| Employer Address | | | | | Work Phone # | | |
| Name (Last, First, Middle) | | | | DOB: | Race/Sex | | |
| Address: (Address, City, State, Zip) | | | | | Phone 1 | | |
| Employer | | | | | Phone 2 | | |
| Employer Address | | | | | Work Phone # | | |

Body Worn Camera Used
**NARRATIVE**


Officer G. Garcia #1028

ACPD CASE # 24-007494

INVESTIGATION REPORT

Body Worn Camera – 145

Arrested:

Name: Sean Whaley

DOB:

| | Vehicle Information: (Year, Make, Model, Style, Color) | | | | | | Incident Report Number: 24-007494 |
|---|---|---|---|---|---|---|---|
| License Number: | State: | Expiration Year: | Vin: | | Insurance Company: | | |
| Other Vehicle Information: | | | | | | NCIC# | |
| Reporting Officer(s): Garcia, Gissell | | | | | Badge Number: 1028 | Report Date: 01/25/2024 | |
| Time Received: 21:23:36 | Time Cleared: 01:09:47 | Unit(s) Assigned: B4E, W5, B6B | | | Pages: 1 Of 23 | | |
| Reviewed by: 580 | | Badge Number: 580 | | | Copy To | | |

MAA/FAHEEM 0075

## Atlantic City Police Department

**Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 24-007494 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 01/25/2024 |

SS#:

Address:

On 01/25/24 at approximately 2120 hours I, Officer G. Garcia 1028 was assigned to Bravo Patrol Platoon 1 of the Atlantic City Police Department. While conducting surveillance of Tennessee and Atlantic Avenues two individuals were engaging in a CDS transaction.

The area in and around the aforementioned location is well known for its heightened levels of criminal activity and quality of life complaints. These crimes and complaints can range from, but are not restricted to, public intoxication/urination, drug trafficking and violent crimes (homicides, shootings, and assaults). Additionally, a large number of arrests for narcotic related offenses have/are made in and around this area.

I observed a male standing outside of 1406 Atlantic Avenue (24/7 Deli) wearing a black hoodie and blue jeans (later identified as Sean Whaley). My attention was geared specifically towards this male due to an unidentified male wearing a dark colored hoodie and grey sweatpants approaching him for a brief conversation.

As the two subjects conversed, this male reached inside his pocket and started providing Whaley with green U.S. currency in exchange for a small item consistent with the size of CDS. From my past CDS investigations/arrests, I know this to be a hand to hand drug transaction. I contacted Officers Liu and Crosby with this information and advised them to stop this male in front of 24/7 Deli.

Officers Liu and Crosby stopped Melton in front of 1406 Atlantic Avenue. Upon search incident to arrest Whaley was found to be in possession of one clear plastic container with a green cap containing a white rocky like substance consistent with crack cocaine.

Whaley was transported from 1406 Atlantic to the Public Safety Building, where he was processed into our holding facility. Rear seat checked before and after.

All paperwork related to this arrest was placed in a case folder and the CDS was placed into our evidence system with a lab request form.

Whaley had an active warrant out of Atlantic City. Warrant was executed and linked with this case number.

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Garcia, Gissell | 1028 | 2 Of 23 |

MAA/FAHEEM 0076

| **Atlantic City Police Department** | | **Continuation** |
|---|---|---|
| Incident Report Number:<br>24-007494 | Incident Location:<br>1406 Atlantic Ave, Atlantic City, NJ, 08401 | Incident Date:<br>01/25/2024 |

Sean Whaley was charged on a Summons in reference to this case.

2C:35-10A (1) – Possession of Cocaine (3rd Degree)

2C:35-5B (3) – Distribution of Crack Cocaine (3rd Degree)

2C: 35-7.1A - 500 ft of public building – Crack Cocaine (2nd degree)

2C:33-2.1b – Loitering to Distribute (Disorderly Persons Offense)

End of report.

| Reporting Officer(s):<br>Garcia, Gissell | Badge Number:<br>1028 | Pages:<br>3 Of 23 |
|---|---|---|

## Atlantic City Police Department

**Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 24-007494 | 1406 Atlantic Ave, Atlantic City, NJ, 08401 | 01/25/2024 |

**NAMES**

**Arrested**

Whaley, Sean M  B/M-28 of ~~[redacted] M. Garcia [redacted]~~

DOB: ~~[redacted]~~

Phone 1: ~~[redacted]~~

Booking#: 24-000352

| Case# | Charge | Description | Ct |
|---|---|---|---|
| 24-007494 | 2C:35-10 | POSSESSION/USE OF CDS | 1 |

| Reporting Officer(s): | Badge Number: | Pages: |
|---|---|---|
| Garcia, Gissell | 1028 | 4 Of 23 |

*MAA/FAHEEM 0078*

# **EXHIBIT D**

*\*Exhibit A of Response*

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 46 of 47 PageID:
Case 1:24-cv-08798-ES___:AP    Document 10-1    Filed 09/1(___    Page 11 of 21 PageID:
131

CITY OF ATLANTIC CITY
**DEPARTMENT OF LICENSING & INSPECTIONS**
1301 BACHARACH BOULEVARD
CITY HALL – SUITE 502
ATLANTIC CITY, NJ 08401-4603
Telephone: 609-347-5290
Fax: 609-347-5584



September 3, 2024

<u>DECISION</u>

Re:    24/7 Food Mart – Mercantile License Suspension
       <u>Hearing Dated August 29, 2024 – Decision</u>

1.  Hearing based on violations and charges occurring at 1406 Atlantic Avenue, City of Atlantic City. The following criminal violations charged on August 16, 2024.

| Charges | Description |
| --- | --- |
| 2C:35-10A(1) | Possession of CDS Cocaine |
| 2C:35-5A(1) | Mfr./Distribute CDS (Cocaine) |
| 2C:35-7.1A | Dist CDS W/I 500' PUB HSE |
| 2C:36-3 | Distribute Drug Paraphernalia |

2.  Upon recommendation of the Atlantic City Police Department, the Mercantile License was immediately suspended due to the imminent harm and danger to the public from the distribution of cocaine and other violations as stated above.

3.  On August 26, 2024, a notice was hand-delivered advising the mercantile license holder that they were entitled within seven (7) days to have a hearing to contest the suspension of the mercantile license. Pursuant to City Ordinance 170 of 2013, a hearing was offered and was held on August 29, 2024.

    The continued habitual criminal use of this location to distribute drugs has put the community in a dangerous situation that we cannot afford to let continue unabated. Further, based on the severity of the charges and also the many past criminal violations that have occurred at this location, it is my decision that the mercantile license remain suspended until the criminal matter can be heard or resolved. Past criminal violations include the following:

    a.  September 2018: Narcotics Search Warrant – Sales by Clerk
    b.  October 2022:    Homicide
    c.  January 2023:    Taxation Inspection
    d.  June 2023:    Homicide
    e.  November 2023: CDS Distribution
    f.  February 2024:  CDS Distribution

*MAA/FAHEEM 0012*

Case 1:24-cv-08798-ESK-EAP    Document 11    Filed 09/13/24    Page 47 of 47 PageID:
Case 1:24-cv-08798-ES   EAP    Document 11-1    Filed 09/1(    Page 12 of 21 PageID:
132

g.  May 2024:        Shooting of 15 year old juvenile
h.  May 2024:        Citizen Complaint
i.  August 2024:     Drug Sales by Clerk

Because of the imminent harm and safety issues affecting the public, the mercantile license shall remain suspended and continue to be suspended until the criminal matter has been resolved or decided. Upon a decision from the criminal court the issue of the removal of a mercantile license will be re-visited and a determination will be made as to either continue revocation or allow renewal of the mercantile license.

Dale Finch, Director
Licensing & Inspections
Hearing Officer

DF/ew

*MAA/FAHEEM 0013*