**KING MOENCH & COLLINS LLP**
Matthew C. Moench, Esquire (031462007)
51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
(973) 998-6860
mmoench@kingmoench.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASMIN FAHEEM,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF ATLANTIC CITY, DALE L. FINCH, in his official capacity as CITY OF ATLANTIC CITY DIRECTOR OF LICENSING & INSPECTIONS, PAULA GELETEI, in her official capacity as CLERK OF THE CITY OF ATLANTIC CITY, DETECTIVE TROY GRAMS, DETECTIVE LIEUTENANT RICHARD ANDREWS, DETECTIVE DODSON, DETECTIVE BARRETT, DETECTIVE EVANS, ATLANTIC CITY POLICE DEPARTMENT and JOHN DOES I-X (fictitious names), jointly, severally, and in the alternative,<br><br>            Defendants. | DOCKET NO.:  1:24-cv-08798<br><br>**AMENDED AND SUPPLEMENTAL COMPLAINT** |

**PARTIES**

1.      Plaintiff Yasmin Faheem ("Faheem") is the owner of 24/7 Food Mart which is located at 1406 Atlantic Avenue, Atlantic City, New Jersey. 24/7 Food Mart ("24/7 Food") is a local convenience store selling a variety of items, including perishable foods.  24/7 Food has a mercantile license with Atlantic City.

2.      Defendant City of Atlantic City ("Atlantic City" or "City") is a municipal corporation of the State of New Jersey, whose principal offices are located at 1301 Bacharach Boulevard, Atlantic City, New Jersey.  Defendant Atlantic City Police Department is the statutory law enforcement agency for the City of Atlantic City.

3.       Defendant Dale L. Finch ("Finch") is the Director of Licensing & Inspections for the City of Atlantic City, whose principal offices are located at 1301 Bacharach Boulevard, Atlantic City, New Jersey.

4.      Defendants Detective Troy Grams, Detective Lieutenant Richrd Andrew, Detective Dodson, Detective Barrett, and Detective Evans, are all officers with the Atlantic City Police Department who were at 24/7 Food Mart, and/or 1406 Atlantic Avenue, Atlantic City on August 16, 2024, and/or supported police activity at or related to that location on August 16, 2024.

5.      Defendants John Does I-X are persons, organizations, entities, and/or businesses, whose identities are presently unknown to Plaintiff, who are and/or were responsible in some capacity for directing that Plaintiff's mercantile license be suspended.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 ("Section 1983"), pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 et seq., pursuant to 28 U.S.C. § 1367.

8.      Venue is proper under 28 U.S.C. § 1391 as the locus of the relevant events is in the District of New Jersey.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A. Statutory and Legislative Framework of Atlantic City Mercantile License System

9.      Municipalities are authorized to license businesses within their jurisdiction pursuant to N.J.S.A. 40:52-1, provided that the businesses are within the categories for which the Legislature has authorized regulation.

10.     Atlantic City Ordinance 170-2 prohibits any person from engaging in or carrying on any business, or selling or offering for sale, any goods or thing for which a license is required.

11.     Atlantic City Ordinance 170-1 defines a Licensed Mercantile Business Owners as any person who sells any goods or services for a fee or who carries on any business in the Atlantic City.  Business includes "businesses, trades, callings, professions and vocations."

12.     Thus, every entity at all which does any business in Atlantic City is required to obtain a license under the Ordinance, including convenience stores.

13.     N.J.S.A. 40:52-1 does not provide for plenary regulatory power, but articulates the categories upon which a municipality can license and regulate.

14.     Atlantic City requires licenses for convenience stores such as Plaintiff 24/7 Food Mart, and asserts that it is authorize to license the business pursuant to N.J.S.A. 40:52-1(j), which reads:

> Sales of goods, wares and merchandise to be advertised, held out or represented, or which are advertised, held out or represented, to the public, by any means, directly or by implication, as forced sales at reduced prices or as insurance, bankruptcy, mortgage foreclosure, insolvency, removal, loss or expiration of lease or closing out sales, or as assignees', receivers' or trustees' sales or as sales of goods distrained or as sales of goods damaged by fire, smoke or water, except any sale which is to be held under a judicial order, judgment or decree or a writ issuing out of any court or to enforce any lawful lien or power of sale whether by judicial process or not or by a licensed auctioneer; to make such regulations governing the advertisement, holding out or representing to the public of such sales, and the conduct thereof, as the governing body of the municipality shall deem necessary to protect the public against fraud; to prohibit the advertising, holding out or representing to the public of any sale as being of the character above described which is

not of such character and to fix license fees for the conduct of such sales and to impose penalties for the violation of any such ordinance;

15.     Pursuant to Atlantic City's asserted authority, it requires a business classified as a grocery/convenience store to obtain a general mercantile license as a "Licensed Mercantile Business Owner."

16.     Atlantic City Ordinance 170-3 requires that an application be submitted to the Director of the Mercantile Licensing Divion with payment of a fee as set forth in Ordinance 170-4 and 170-5, on or before August 1st of each year.

17.     Atlantic City Ordinance 170-10 states that the licensed is premised upon the grounds that the business shall be used and operated only for lawful purposes.

18.     Ordinance 170-11 sets penalties in municipal court for any violations of the licensing provisions.

19.     Sections 170-13 through 170-14 of the Atlantic City Code set forth the bases upon which licenses may be suspended, cancelled or revoked, or for when a license may not be issued.

20.     Pursuant to Ordinance 170-13(A), a license may be "suspended, canceled or revoked for good cause by the Mercantile Licensing Division of Atlantic City."  "Good cause" shall "include, but is not limited to:

> **(1)**     The existence or maintenance for the carrying on of any business in any building or structure which is structurally unsafe or not provided with adequate egress or which constitutes a fire hazard.
>
> **(2)**     The existence of unsanitary conditions, noise, disturbances or other conditions at, near or in the premises which cause or tend to create a public or private nuisance or which injuriously affects the public health, safety or welfare of the citizens of the City of Atlantic City.
>
> **(3)**     The commission of, or permitting or causing the commission of, any act in the operation of the business, which act is unlawful or is prohibited by any ordinance, rule or law of the City, state or federal government.

**(4)**    Fraudulent practices and misrepresentations in the operation of the business or concealment or misrepresentation in procuring the license.

**(5)**    A revocation of a license or permit shall result where three violations of the within chapter or ordinances of the City of Atlantic City, which shall constitute sufficient cause, occur within a two-year time period. Such revocation is pursuant to N.J.S.A. 40:52-2 after notice and hearing. The Director of Licensing and Inspections shall conduct such hearings, and be the sole authority, to revoke said license or permit, pursuant to N.J.S.A. 40:52.2.

21.    If a license is suspended, revoked, canceled or denied, the person may appeal to the Director by filing written notice of the appeal.  Thereafter, a hearing will occur where evidence may be presented by either party.  Thereafter, the decision may be appealed to a court of law. Ordinance 170-15.

B.  Events of August 16, 2024

22.    On August 16, 2024, according to police reports, members of Atlantic City Police Department's Special Investigations Section were conducting surveillance in the area of 1500 Atlantic Avenue, which included the area where 24/7 Food Mart is located.

23.    According to the police reports, officers believed that Cecil Morgan, a store clerk was engaging in conduct which officers believed was consistent with drug activity.

24.    The officers observed Cecil Morgan leave the store and begin to walk down the street.  Mr. Morgan was outside the store, approximately three or four store fronts away, when officers detained Mr. Morgan, placed him in handcuffs, and escorted him back into the 24/7 Food Mart.

25.    At that point in time, several officers were on site.  They closed the store, conducted a search of Mr. Morgan, and then began to conduct a search of the store.

26.    Mr. Morgan informed officers that they were not permitted to search the store, to which officers responded that they were permitted to observe anything in plain sight.

5

27.     Body camera footage shows that despite Mr. Morgan's indications that the officers were not permitted to search, and the officers' contentions that they were in public areas open to plain sight, the body camera footage shows that for approximately 45 minutes officers went through the store in detail.  Officers walked behind the counters and rooms not open to the public. Officers also opened cabinets, went through bags, looked in closed shelves and draws, and conducted a full scale, warrantless search of the premises.

28.     Officers also contacted Dale Finch Director of Mercantile Licensing who arrived on the scene and also began to access areas of the store off limits to the public and participate in the officers' search.

29.     As a result of those illegal and improper searches, police charged the business owners with cigarette tax violations, <u>N.J.S.A.</u> 54:52-18, knowingly possessing goods to which the NJ tax has not been paid, <u>N.J.S.A.</u> 54:52-17A, engaging in a cigarette sale or purchase with person(s) who are not licensed, and <u>N.J.S.A.</u> 55:52-6F, failure to exhibit or display the current New Jersey cigarette retail dealer and charged the store clerk with possession of drugs and drug paraphernalia.

C.  <u>24/7 Food Mart Pre-Hearing License Suspension</u>

30.     On August 26, 2024, without prior notice or opportunity to be heard, Yasmin Faheem and Tariq Mehmood, on behalf of 24/7 Food Mart were hand delivered a letter from Dale Finch, Director of Mercantile Licensing, immediately and indefinitely suspending the 24/7 Food Mart license and directly that the business be closed immediately.  **See Exhibit A**.

31.     The Notice of Suspension advised Plaintiffs that the mercantile license was immediately suspended, "in accordance with Atlantic City Code Chapter 170: License and Fees, Article II: Suspension and Revocation of Mercantile Licenses, Section 170-13, Sub Section A."

32. Section 170-13, Sub Section A reads "Any license or permit issued pursuant to the provisions of any mercantile ordinance or other ordinances of the City of Atlantic City, or any amendment thereof, for the conducting of business, may be suspended, canceled or revoked for good cause by the Mercantile Licensing Division of Atlantic City."

33. Further, the Notice of Suspension states that the reasons for the suspension are due to violations of 170-13(A)(2) and 170-13(A)(3).

34. The Notice of Suspension quotes 170-13(A)(2) in relevant part stating "[t]he existence of disturbances or other conditions at, near or in the premises which cause or tend to create a public or private nuisance or which injuriously affects the public health, safety or welfare of the citizens of the City of Atlantic City."

35. Further, the Notice of Suspension also quotes, in relevant parts, 170-13(A)(3), stating "[p]ermitting or causing the commission of, any act in the operation of the business, which act is unlawful or is prohibited by any ordinance, rule or law of the City, state or federal government."

36. While there is no explanation associated with the quoted text for sub section (A)(2), following the sub section (A)(3) language, the Notice of Suspension states the conduct that necessitated the suspension of the mercantile license was "unlawfully conducting the sale of untaxed cigarettes and distributing of controlled dangerous substances."

37. The notice does not provide any further explanation as to who was engaging in the conduct, what the charges were, what facts supported the allegations, or how those allegations related to the license or the licensee.

38. Further the Notice of Suspension does not provide for a time period for the suspension, but suspends the license indefinitely. Instead, the Notice of Suspension indicates that

a request for a hearing may be made within seven days, and then at some time period after the request "the length of suspension will be determined." The Notice of Suspension also does not indicate how to make a request, who will sit through the hearing, the process for the hearing, or the time, date, or location for any such hearing.

39. As a result of the license suspension, 24/7 Food Mart is closed and unable to operate as it normally would, meaning perishable inventory will go rotten and the store will not generate any income, leaving Plaintiffs with substantial economic losses.

40. Tariq Mehmood, who works at the store and is a family member of Ms. Faheem, spoke with Mr. Finch on August 26, 2024, who advised Mr. Mehmood that Plaintiffs could request an expedited hearing, as soon as the next day, however, no information written information was available regarding the allegations, the facts supporting the allegations, nor was there any opportunity to seek legal counsel or prepare to meaningfully respond to the allegations.

41. On August 27, 2024, Plaintiffs retained counsel, who sent a letter to Defendant Finch regarding the Notice of Suspension. **See Exhibit B**.

42. Counsel to Plaintiff alerted Defendant Finch that the license suspension was done without a hearing, thus rendering the action unconstitutional as Plaintiffs had no opportunity to mount a defense to the suspension, and that no factual basis was provided as to the alleged violations of 170-13(A)(2) and 170-13(A)(3). The letter to Defendant Finch also requested the license suspension be immediately revoked as to avoid any further damages to Plaintiff. Finally, the letter demanded a hearing prior to any suspension, and that Defendant Finch provide any documents, evidence, or other basis to support the suspension.

43. On August 27, 2024, Karl Timbers, Esq, in his official capacity as Assistant City Solicitor for the City of Atlantic City sent a letter to Counsel to Plaintiff sharing additional details

8

regarding the suspension of the license as well as summonses for alleged actions that took place at the 24/7 Food Mart. **See Exhibits C** and **D**.

44.    Assistant Solicitor Timbers' letter stated that Plaintiff's license was suspended pursuant to Section 170-13(A)(3), however, the letter makes no reference to Section 170-13(A)(2), which Plaintiff was advised she was in violation of in the August 26, 2024 letter drafted by Defendant Finch.

45.    Assistant Solicitor Timbers' letter further stated that the suspension was not unconstitutional as the City of Atlantic City has an obligation to "protect the health, safety and welfare of its citizens."

46.    The letter additionally includes the list of charges alleged against Plaintiff and her employees arising from the August 16, 2024 incident, with Assistant Solicitor Timber stating that the "serious nature" of the charges required immediate suspension of the license.

47.    Assistant Solicitor Timbers also communicated that Plaintiff was advised in writing and in-person by Defendant Finch that he may request a hearing to address the suspension. Finally, the letter states that the City would accommodate Plaintiffs should they wish to have a hearing on an expedited basis and that the City would be prepared to hold such a hearing at a date and time that works for all parties.

48.    Plaintiffs responded on the same day and indicated that they would agree to a hearing under duress and asked to move forward on Thursday, August 28, 2024, despite objections that they did not have adequate time to prepare, but had no choice given the already implemented suspension    Plaintiffs also demanded "copies of all police reports, bodycam footage, MVR footage, interview notes, or other documents relating to the charges contained in [the] August 27, 2024 letter." **Exhibit E**

49.     Defendants agreed to a hearing, however, they refused to provide any documents relating to the August 16, 2024, charges, stating that "those items will not be provided as they will not be discussed." **Exhibit F**

50.     In the meantime, Plaintiffs filed the original complaint and emergent motion, seeking among other relief, to invalidate the then existing pre-hearing suspension pending a hearing and to order a hearing to occur sufficiently far-enough in advance as to provide adequate time to prepare and a meaningful opportunity to be heard.  [Dkt. 1, 2].

**D.  <u>The Post-Suspension Hearing and Final Relief</u>**

51.     The hearing was held remotely via Zoom and included Plaintiffs, with counsel, as well as Karl Timbers, Assistant Solicitor of Atlantic City, Dale Finch, Director of the Department of Licensing and Inspections, as well as two officers of the City of Atlantic City.

52.     Mr. Timbers began the hearing by introducing the City's participants. He then asked an officer to read the criminal charges brought against the clerk of 24/7 Food Mart and our client.

53.     After the officer's statement, Mr. Timbers began sharing incidents that have taken place at or around 24/7 Food Mart in the past that he believes necessitated the license suspension. He specifically mentioned a homicide that allegedly took place outside the 24/7 Food Mart.  Those incidents were not provided in advance of the hearing.

54.     Mr. Timbers then allowed Plaintiffs' counsel the opportunity to rebut his claims. Plaintiffs asserted that the criminal charges and the license suspension should be adjudicated separately as they do not appear to be related.  Plaintiffs also stated that they were willing to work with their staff to ensure that all rules and regulations regarding the sale of cigarettes were being

followed closely, and that they do not believe the actions of the store clerk should be associated with Plaintiffs as they were not aware of the alleged activity.

55.     Following Plaintiffs statements, Mr. Timbers stated that if Plaintiffs were willing to connect their camera system directly with the Atlantic City Police Department, they could reinstate the mercantile license until the criminal charges were resolved.

56.     Plaintiffs continued to assert that the charges against the clerk could not be used against Plaintiffs here.

57.     Mr. Timbers then stated that if Plaintiffs connected to the Atlantic City Police Department, the license could potentially be reinstated, regardless of the outcome of the criminal matters. Mr. Timbers advised that he could not speak to the timing of the potential reinstatement, but that it would be the decision of Mr. Finch.

58.     Following the conclusion of the hearing, Plaintiffs sent several additional correspondences to the City to understand the process or costs involved in a potential connection of their cameras to the Police Department.  **Exhibit G**

59.     The Defendants responded that they did not know the timing or cost and did not confirm whether the suspension would be lifted immediately upon agreement or only upon connection.  Defendants also, post hearing, provided some information regarding the other incidents mentioned at the hearing.

60.     Defendants did not respond to two additional follow-up emails regarding contacts for the police department.

61.     Then, on September 3, 2024, as part of their opposition, Defendants provided the Decision. **Exhibit H**. That decision suspended Plaintiffs' mercantile license on the basis of the

pending charges against the Clerk. It also referenced other police activity at or around the location mentioned at the hearing.  The Decision made no findings of fact or law as to the Plaintiffs.

62.    The suspension was issued indefinitely until the conclusion of the charges against the Clerk.  No information is provided as to what impact the conclusion will have on the future status of the license other than the license will be rediscussed at that time, whenever it may be.

63.    The license remains suspended at this time and Plaintiffs' business remains closed. Plaintiffs are losing a significant amount of business revenue, reputational value, and perishable products.  In addition, Plaintiffs are incurring significant legal fees in addressing these issues.

## COUNT ONE
## 42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS

### Atlantic City Code 170-13 is Facially Unconstitutional for Pre-Hearing Suspension System

64.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

65.    Chapter 170-13 permits the Mercantile Licensing Division to unilaterally suspend, cancel, or revoke a mercantile license without notice or an opportunity for a hearing to a licensee.

66.    Plaintiffs have a property interest in a license which is already issued and in operation.

67.    As a result of that property interest, government cannot infringe or injury that property right without providing procedural due process rights, which requires notice and opportunity to be heard.

68.    Ordinance 170-13 provides solely for such notice and opportunity to be heard *after* the right has already been infringed, thus providing license holders with no procedural due process rights.

69.     Any hearing taken pursuant to the provisions of Ordinance 170-13 occurs after the right has already been infringed, and, if the basis for a suspension was false, misplaced, or mistaken, the infringement on the property interest has already occurred.

70.     This ordinance facially violates Federal and State Constitutional due process rights and must be declared unconstitutional and the city must be enjoined from enforcing the ordinance in its current form.

71.     Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

**COUNT TWO**
**42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS**

**Defendants Did in Fact Violate Plaintiffs' Due Process Rights by Suspending Plaintiffs' License Without a Hearing**

72.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

73.     Using Ordinance 170-13, Defendants did in fact suspend Plaintiffs' license by delivering a letter on August 26, 2024 immediately suspending the license and closing the business.

74.     This letter was delivered ten days after the events which serve as the basis for the suspension.

75.     Plaintiffs were not provided with a hearing prior to the suspension.

76.     Plaintiffs' business was in fact closed pursuant to the suspension prior to a hearing.

77.     A hearing occurred on August 29, 2024, and a decision was reached on September 3, 2024.   As such, Plaintiffs due process rights were violated by an improper pre-hearing suspension for eight days.

13

78.     Defendants violated Plaintiffs' due process property rights to their mercantile license.

79.     Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

### COUNT THREE
### 42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS

#### The Post-Suspension Hearing Did Not Provide Adequate Notice

80.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

81.     Due process requires that government provide adequate notice as to the basis for a hearing wherein government may take action which impacts a person's rights.

82.     The notice must be sufficiently definite so as to permit a person to understand the action against them and adequately prepare.

83.     Absent sufficient notice, a hearing will not be meaningful and will not meet constitutional requirements.

84.     The initial suspension letter provided no details at all as to the factual basis for the suspension, and simply references very broad ordinance provisions providing no ability to understand the charges and prepare.

85.     Only upon requests from Plaintiffs' attorney did Defendants indicate that the basis for the suspension was the municipal charges on August 16, 2024.

86.     Plaintiffs requested information related to those charges, but Defendants refused to provide any additional documents.

87.     No other basis for the suspension was provided, nor was there any indication that Defendants would rely upon or discuss anything other than the August 16, 2024 charges.

88.     Plaintiffs also objected to the hearing taking place on extremely short notice as it would not provide them adequate time to prepare, however, given the pending license they were forced to move forward as soon as possible.

89.     At the hearing, the Defendants for the first time brought up several other instances of police activity to justify the suspension of Plaintiffs' license.  Those instances were cited within the Decision, indicating that those instances were in fact used to support the indefinite suspension imposed.

90.     Plaintiffs had no notice in advance of the hearing as to those incidents or that they would be used. Information about them was only provided post-hearing based upon a request from counsel.

91.     Defendants unconstitutionally deprived Plaintiffs of their due process rights by conducting a hearing which lacked sufficient notice as to the basis of the action to be taken against Plaintiffs' property rights.  As such, Defendants' deprived Plaintiffs with an opportunity to have a meaningful hearing.

92.     Furthermore, by suspending Plaintiffs' license pre-hearing, Defendants unconstitutionally coerced Plaintiffs into hold a hearing on extremely short notice, depriving Plaintiffs of a reasonable time to adequately prepare for the hearing, thus depriving Plaintiffs of their constitutional rights to a meaningful hearing.

93.     Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

## COUNT FOUR
## 42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS

### Ordinance 170-16 is Facially Unconstitutional and As Applied to Require a Hearing Before a Biased Hearing Officer

94.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

95.     Atlantic City Ordinance 170-13 provides the Director of Mercantile Licensing the power to suspend a license.  He was in fact the person who suspended Plaintiffs' license on August 26, 2024.

96.     Under Atlantic City Ordinance 170-16, any appeal of the suspension is made to the Director of Mercantile Licensing, who is the same person who suspends license.

97.     Upon information and belief, Mr. Finch was on site on August 16, 2024, and assisted in the investigation.

98.     Mr. Finch was the person who made the decision to initially suspend Plaintiffs' license pre-hearing.

99.     Mr. Finch was also the person who maintained the sole discretion as to whether to continue to suspend Plaintiffs' license and served as the hearing officer with unilateral decision-making power.

100.    The ordinances to not set forth definitive standards or objective criteria, leaving the hearing officer to determine whether good cause exists based upon his own determination.

101.    In this instance, Mr. Finch, Director of Mercantile Licensing, was in fact the person who suspended Plaintiffs' license.  Mr. Finch was also the person who served as the hearing officer and decisionmaker on Plaintiffs' appeal of his suspension of their license.

102.    Due process requires that hearing must provide a meaningful opportunity for a person to be heard before government deprives a person of their rights.

103.    Requiring Plaintiffs to submit to a hearing before the same administrative officer who was the investigator does not provide a neutral panel, and does not meet the constitutional requirement for a meaningful opportunity to be heard.

104.    Ordinance 170-16 is unconstitutional facially and as applied.

105.    Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

<u>**COUNT FIVE**</u>
<u>**42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS**</u>

<u>**Atlantic City Ordinance 170-13 is Unconstitutionally Vague, Facially and As Applied**</u>

106.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

107.    It is a based principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. A vague law impermissibly delegates basic policy matters to government, with the attendant dangers of arbitrary and discriminatory application.

108.    When a penal provision is not sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties there is a denial of due process.

109.    Ordinances 170-13 permits Defendants to revoke a license for "unsanitary conditions, noise, disturbances at, near or in the premises, which cause or tend to create a public or private nuisance or which injuriously affects the public health, safety or welfare of the citizens of the City of Atlantic City."

110. This section permits the Defendants nearly universally unrestricted power to determine in their own minds what constitutes something which could in any way cause a disturbance to any person or which could somehow impact the nearly limitless categories of "public health, safety welfare." Thus, a person would have no idea what conduct could potentially bring someone within risk of unilateral revocation of their license.

111. This section is even more offensive when one realizes that the ordinance does not require that the offending conduct or condition be caused by the business and could be caused by completely unrelated third parties. Further the ordinance permits revocation or suspension for those conditions existing "near" the premises. In other words, if other people, over whom you have no control, engage in some conduct that the mercantile director decides as a disturbance, he can shut down your business.

112. Similarly, Ordinance 170-13A(3) permits the revocation or suspension upon:

> The commission of, or permitting or causing the commission of, any act in the operation of the business, which act is unlawful or is prohibited by any ordinance, rule or law of the City, state or federal government.

113. Again, this section permits the Mercantile Division to become judge, jury, and executioner in deciding on its own whether a business has violated any law of any government authority, and then decides, in his own judgment, whether to suspend the license.

114. This leaves all business owners with mercantile licenses unclear as to what conduct is prohibited, what penalties could apply to a particular situation, whether in their control or not, and subjects to the absolutely dictatorship of the Division of Mercantile Licensing.

115. These ordinances are void on their face and should be found unconstitutional.

116. Further, as applied here, Plaintiffs had no notice as to what conduct would subject them to suspension hearings.

18

117.     The ordinances also do not provide any guidelines for the power to suspend.  Thus, even if a license holder understands that conduct could subject them to a potential suspension hearing, the terms of such suspension or other penalties are not set forth anywhere in the ordinances, leaving it unconstitutionally vague.

118.     Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

**COUNT SIX**
**42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS**

**The Decision to Issue Any Suspension is Arbitrary, Capricious, and Unreasonable and is Void Under Procedural Due Process, Substantive Due Process, Equal Protection, and Common Law**

119.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

120.     The Decision of Defendants is to suspend Plaintiffs' mercantile license because of the existence of charges against the store clerk, and because of other calls for police assistance to the premises.

121.     Defendants recognize that Plaintiffs' store is located in a high-crime, high-drug area of the city.

122.     The Decision contains no facts or findings that Plaintiffs are responsible for the store clerk's actions, that Plaintiffs knew of the conduct, failed to address the conduct, or somehow contributed to the conduct.

123.     The store clerk's conduct are currently only allegations, and have not been proven in a court of law.

124.    The Decision also does not contain any facts or findings to demonstrate that Plaintiffs' business operated in a manner which caused or contributed to any of the calls for police service referenced in the decision.

125.    There is nothing in the Decision to support any action or inaction by Plaintiffs and their business operation to suggest that they are responsible for the actions of third parties or that the store's business contributed to or caused any of the calls for police service.

126.    Plaintiffs have a constitutional property right to their mercantile license.  Plaintiffs have a constitutional right to be free from arbitrary and unreasonable government action which infringed upon their rights.

127.    Even without a specific property right, the Equal Protection clause requires that government action must be reasonably related to a legitimate government action.  Suspending Plaintiffs'' license because of criminal activity of third parties in the vicinity of Plaintiffs' store without any findings that Plaintiffs' conduct contributed to, or caused, any such conduct, or that Plaintiffs failed to do something required of them is arbitrary, capricious, and unreasonable.

128.    This conduct violates Plaintiffs' procedural and substantive due process rights, violates the Equal Protection clause, and violates common law.

129.    Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

## COUNT SEVEN
## 42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS

### Defendants' Indefinite Suspension Tied to a Third-Party's Criminal Charges is Arbitrary, Capricious, and Unreasonable and is Void Under Procedural Due Process, Substantive Due Process, Equal Protection, and Common Law

130.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

131.    Even if some discipline was supported, Defendants' indefinite suspension tied to the resolution of a third-party's criminal charges is a violation of procedural and substantive due process, equal protection, and is arbitrary, capricious, and unreasonable.

132.    If Defendants need to understand the resolution of the criminal charges against the store clerk before determining action against Plaintiffs, then a suspension pending that resolution is unreasonable.  None of the parties yet know the resolution of those charges, which very well could be a plea bargain or a resolution somewhere short of full guilt or innocence.

133.    As Plaintiffs and Defendants do not yet know what that resolution will be and to what extent if any it relates to Plaintiffs' store or business, suspending pending that resolution unreasonably violates Plaintiffs' rights.

134.    Further, Plaintiffs have no control over that process, the timing, or the content. Thus, the timing of the suspension could be as short as a few weeks or as long as more than a year. There is no government interest in a suspension which could vary in length so greatly.  Further, the current Decision does not indicate what will happen at the conclusion of the charges against the Clerk, but only that it will be discussed at that time.

135.    Alternatively, if Defendants believe that just the presence of charges against the Clerk is enough to take action against Plaintiffs, then the resolution of those charge are immaterial,

and Defendants' taking of Plaintiff's license is not dependent on the outcome.  As such, the suspension, presuming it can be upheld, should be based upon the current facts as exist now.

136.    The penalty is unreasonable, arbitrary and capricious in violation of Plaintiffs' constitutional rights.

137.    Acting under color of law, Defendants utilized government authority to deprive Plaintiffs of their constitutional rights.

138.    Plaintiffs are being treated differently than other businesses similarly situated.

**COUNT EIGHT**
**42 U.S.C. § 1983 – UNCONSTITUTIONAL TAKINGS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS**

139.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

140.    Plaintiffs have a property interest in their mercantile license, permitting them to do business in Atlantic City.

141.    Plaintiffs also have a property interest in their inventory, including perishable goods.

142.    Defendants' indefinite suspension of Plaintiffs' ability to operate their business constitutes an unconstitutional taking of Plaintiffs' constitutionally protect property right in their business license.

143.    Defendants' unconstitutional suspension of Plaintiffs' right to do business in Atlantic City also results in an unconstitutional taking in Plaintiffs' property interest in their merchandise, much of which will expire or be unsellable as a result of the suspension, rendering it valueless and constituting a taking.

144.    Defendants' indefinite suspension has resulted in a complete deprivation of Plaintiffs' economic interests in its Mercantile license and in its merchandise.  Defendants' actions have rendered the property totally idle.

145.    Even if some economic rights exist in some property, the economic effect is substantial rendering the majority of Plaintiffs' property rights in the license and the merchandise effectively valueless or with a significant diminution in value.  Plaintiffs purchase the merchandise and engaged in other business activities under the license based upon the expectation that they had the right to operate in Atlantic City and in reliance that Defendants would act reasonable and rationally and consistent with the Constitution.

146.    Without the ability to have a license, Plaintiffs have no ability to conduct business or to utilize their inventory and the property rights within that inventory.

147.    Defendants' actions in the unconstitutional suspension of Plaintiffs' license and barring them from conducting business has amounted to an unconstitutional taking of their property rights as to the mercantile license, and as to their property interests in their inventory, which is now valueless.

148.    Defendants acted under color of law in violation of Plaintiffs' constitutional rights.

**COUNT NINE**
**42 U.S.C. § 1983 – UNCONSTITUTIONAL SEARCH OF PLAINTIFFS' BUSINESS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

149.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

150.    On August 16, 2024, Defendant police officers detained and arrested Cecil Morgan on the street a few storefronts away from 24/7 Food Mart where Mr. Morgan was employed as a store clerk.

23

151.    Upon detaining Mr. Morgan, he was escorted into the 24/7 Food Mart where Defendant officers began to conduct a warrantless search of the establishment.  At the time of the search Mr. Morgan was already detained and had been patted down for weapons.

152.    Mr. Morgan told police officers that they did not have permission to search the store.

153.    However, officers continued to search anyway, entering areas outside of the public, including backrooms and behind the counters.

154.    Their searches did not end simply at what they could see in those non-public areas, but they proceeded to open drawers, open bags, look behind cabinets, and conduct a full search of the premises.

155.    Defendant Officers also contacted the Department of Mercantile Licensing, which also participated in the illegal search of Plaintiffs' store.

156.    A warrantless search is presumptively unreasonable and unconstitutional.

157.    Plaintiffs have a reasonable expectation of privacy in areas which are off limits to the public of their store, and that government officials would not be in non-public areas without permission.

158.    Plaintiffs also have a reasonable expectation that police officers and government officials would not open cabinets, search through bags, open containers, or engage in other such invasions of Plaintiffs' rights.

159.    As Mr. Morgan was already detained the search and the store was closed by the police, the searches were not necessary to protect officers' safety.

160.    The searches far exceeded the scope of any lawful exception to warrantless searches incident to arrest.

24

161.    Defendants could have obtained a warrant prior to arresting Mr. Morgan, or officers could have secured the location and then obtained a warrant.

162.    Instead, Defendant officers conducted an illegal search of Plaintiffs' premises and store, violating their constitutional rights protected by the Fourth and Fourteenth Amendments.

### COUNT TEN
### 42 U.S.C. § 1983 – VIOLATION OF THE EIGHTH AMENDMENTS EXCESSIVE PUNISHMENTS CLAUSE

163.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

164.    The Excessive Fines Clause is not limited to criminal actions, and can apply in instances where the government acts to punish, even if other purposes such as remedial or rehabilitative may also be present.

165.    Fines are not limited solely to monetary sanctions, but can also apply to forfeiture of property, such as a business license.

166.    The seizure of Plaintiffs' business license was a punitive measure, enacted after Defendants charged Plaintiffs' store clerk with several drug offenses and charged Plaintiffs with cigarette tax violations (although the tax violations were not identified as a basis for the suspension).

167.    The suspension is now tied directed to the resolution of the criminal charges against the store clerk, indicating that the suspension is punitive in nature.

168.    Nearly every offense listed in the Decision relates to conduct of third-parties with absolutely no relationship to Plaintiffs, holding Plaintiffs accountable for their conduct.

169.    The current charges (and a 2018 charge) related to drug conduct of a store clerk, is similarly unconnected to any culpability of Plaintiffs.

170.     Fines are automatically excessive because any punishment of a person who is not culpable is disproportionate and thus excessive.

171.     Even if some culpability could be applied in this situation, no facts or conclusions were found to demonstrate any culpability.  Further, given the specific facts here, an indefinite suspension of a license is itself unreasonable, even if a less punishment was valid.

172.     As such, Defendants have violated Plaintiffs' Eighth Amendment Rights.

## COUNT ELEVEN
## 42 U.S.C. § 1983 – VIOLATION OF UNCONSTITUTIONAL CONDITIONS DOCTRINE

173.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

174.     After Defendants suspended Plaintiffs' license, and before a decision was made, Defendants attempted to use the existing suspension and pending-long term suspension as the basis for coercing Plaintiffs into waiving any constitutional privacy rights by forcing them to install live-feed cameras in their business which would permit the ACPD to access them at any time and view them at will.

175.     At the hearing, Defendant Finch demanded that the suspension would go away if ACPD was permitted to hook up to Plaintiffs' camera system.

176.     While police officers have a right to enter the store during normal business hours, the ACPD does not have a right to engage in constant surveillance of the store at all hours on a constant basis, and even when outside of time open to the public.  Defendants attempted to use the existing suspension and threat of a long-term suspension to unconstitutionally coerce Plaintiffs into giving up their Fourth Amendment rights to be free from unreasonable searches, and their Fourteenth Amendment rights to due process and equal protection.

26

177.    Defendants' deprivation of Plaintiffs' property rights in their license and withholding the benefits which come with the license to coerce Plaintiffs into yielding other constitutional rights is itself a violation of the constitution.

178.    While Plaintiffs considered it, they did not accept the condition.  True to their word, Defendants issued a Decision indefinitely suspending the license.

## COUNT TWELVE
## 42 U.S.C. § 1983 – FAILURE TO SUPERVISE AND MUNICIPAL LIABILITY UNDER MONELL

### Due Process/License Rights

179.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

180.    Defendant Atlantic City had a clearly established policy, as set forth in their ordinances of suspending mercantile licenses pre-hearing and then subjecting licensees to a post-suspension hearing.

181.    Defendant Atlantic City's ordinances dictate a policy of subjecting license holders to a hearing before a biased hearing officers, which is the same person who investigates the alleged license violations.

182.    Defendants' ordinances are knowingly and intentionally vague so as to give Defendants the maximum amount of authority to implement policy as they see fit depending on the person or issue, in a way which results in arbitrary and unreasonable conduct.

183.    The policy was utilized as to Plaintiffs to improperly deprive Plaintiffs of their due process rights to reasonable notice and a meaningful opportunity to be heard.

184.    This process was an established policy or custom of Atlantic City and was implemented as to Plaintiffs here.

185.     Even if any ambiguity was found in the ordinances it is the policy and custom of Atlantic City to implement a "suspend first" policy.

186.     Additionally, or in the alternative, Defendant Municipality knows that it licenses hundreds if not thousands of businesses each year.

187.     It knows that it will likely encounter situations requiring the City to take action against license holders for various infractions or alleged infractions of Atlantic City ordinances or relevant state law.

188.     Atlantic City is aware of its own ordinances, which vest nearly unfettered discretion in the Director of Mercantile Licensing with the power to suspend licenses.

189.     Atlantic City knows that its own ordinances permit a suspension prior to a hearing.

190.     Atlantic City also knows that the Director of Mercantile Licensing will have to confront situations on when to suspend a license and how to conduct a hearing by virtue of the legislative scheme enacted by Atlantic City.

191.     Atlantic City knows that decisions regarding constitutional questions and handling of suspension may present challenging or difficult questions for the Director.

192.     Atlantic City also knows the due process requirements and knows that if the Director makes incorrect decisions in handling suspensions or actions against license holders, that such actions may unconstitutionally infringe upon protected property rights.

193.     However, Atlantic City, with deliberate indifference, failed to properly train, supervise and/or discipline the Director of Mercantile Licensing, Dale Finch, and/or any other employees within the Mercantile Licensing Division so as to avoid unconstitutionally impeding the property rights of license holders.

194.    Atlantic City's "suspend first" policy did in fact harm Plaintiffs by depriving them of their property rights without due process.

195.    Atlantic City's policy of the Director of Mercantile Licensing conducting the investigations, issuing the initial suspension, and then serving as the hearing officer fails to provide a constitutionally complaint hearing, which resulted in harm to Plaintiffs.

196.    Atlantic City's deliberate indifference to properly train and supervise employees, especially as it related to the process for taking action against a license, and the proper due process required, resulted in a harm to Plaintiffs' constitutional rights.

197.    Therefore, Atlantic City and the supervisor(s) of the Director of Mercantile Licensing and anyone involved with the decision to suspend Plaintiffs' license, both pre-hearing and post-hearing, are liable for the due process and other constitutional violations of Plaintiffs' Rights under <u>Monell</u>.

### COUNT THIRTEEN
### 42 U.S.C. § 1983 – FAILURE TO SUPERVISE AND MUNICIPAL LIABILITY UNDER MONELL

### Improper Search of Store

198.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

199.    Atlantic City is aware that its officers will frequently make arrests for drug possession or suspected drug distribution.

200.    Atlantic City is aware that pursuant to such a detention and/or arrest, police officers will conduct searches of the detainee/arrestee, as well as searches necessary to secure the area to protect officers from harm, as well as to preserve evidence.

201.    Atlantic City is also aware that such searches incident to arrest are limited in scope and that pursuant to the Constitution, warrants must be obtained prior to engaging in any searches where a person has a reasonable expectation of privacy.

202.    Atlantic City has acted with deliberate indifference in failing to supervise or adequately train its officers to understand the scope of permissible warrantless searches and to ensure that officers follow and obey the limitations on their right to search.

203.    Upon information and belief Atlantic City's custom and policy is to use a search incident to arrest as opportunity to circumvent the warrant requirement.

204.    That is evidenced in this case where police detained/arrested Mr. Morgan outside of the store on the street, and then escorted him back into 24/7 Food Mart so as to attempt to justify their search.

205.    Therefore, Atlantic City and the supervisor(s) of the Director of Mercantile Licensing and of the officers involved on August 16, 2024, are liable for the due process and other constitutional violations of Plaintiffs' Rights under Monell.

**COUNT FOURTEEN**
**42 U.S.C. § 1986 – FAILURE TO PREVENT CONSTITUTIONAL VIOLATIONS**

206.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

207.    At the time Defendants were engaged in the search of Plaintiffs store, Mr. Morgan repeatedly told officers that they did not have permission to access any non-public areas of the store or to search the store.  All defendant officers heard Mr. Morgan, however, none of the defendant officers acted to stop the illegal search or to stop any other officer for engaging in the unconstitutional conduct.

30

208.    Additionally, officers were aware that Plaintiffs had their license immediately suspended and that it violated due process.  However, Mr. Finch and Defendant police officers continued to suspend the license and to participate in a hearing wherein Defendants failed to provide Plaintiffs with information which would be used to justify their suspension of Plaintiffs' license.

209.    No defendant acted to stop the unconstitutional hearing or unconstitutional pre-hearing or post-hearing license suspension.

210.    Defendants had an obligation to act as law enforcement officers or statutorily appointed officials, and did not do so.

211.    As a result, Plaintiffs have been damaged.

**COUNT FIFTEEN**
**42 U.S.C. § 1985 – CONSPIRACY TO VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS**

212.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length herein.

213.    Plaintiffs acted in concert to knowingly and unreasonably violate Plaintiffs' constitutional rights.

214.    Defendant officers worked together to detain/arrest Mr. Morgan, escort him back into the store, and then use his presence in the store to engage in an unlawful search.

215.    Defendant officers worked together to close the store during their approximately one-hour search of the store, depriving Plaintiffs of due process as to their property interests and liberty interests.

216.     Defendant officers worked in concert with, and coordinated with, Dale Finch, Director of Mercantile Licensing, to search the store improperly, and manufacturer a basis to justify an immediate suspension.

217.     Dale Finch, along with two police officers, attended the suspension hearing, and worked together in a coordinated fashion to suspend Plaintiffs' mercantile license improperly.

218.     Defendant officers and Mr. Finch attempted to coerce Plaintiffs into conditioning the revocation of the suspension into an agreement to permit Atlantic City Police Department to have a live camera feed into Plaintiffs store.

219.     Such a requirement is an unreasonable and arbitrary violation of Plaintiffs' reasonable expectations of privacy.

220.     Defendants acted in concert to utilize the criminal charges against Mr. Morgan as an improper basis for suspending Plaintiffs' license.

221.     As such, Defendants have violated 42. U.S.C. 1985, and Plaintiffs are entitled to judgment and relief.

## COUNT SIXTEEN
## NEW JERSEY CIVIL RIGHTS ACT

222.     Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

223.     The New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c), provides a mechanism for anyone who is aggrieved by a violation of the United States Constitution or by the New Jersey Constitution to bring a cause of action for relief.

224.     A violation of the Federal Constitution will be an actionable event under the NJCRA.  Thus, any finding of a cause of action under 1983, is also its own violation of the NJCRA.

225.    The New Jersey Constitution, also has its own rights, for which violations may exist.  In some instance those rights are coterminous with the United States Constitution.  Other times, the New Jersey Constitution provides broader rights.

226.    The New Jersey Constitution does not specifically identify due process, however, the New Jersey Supreme Court has recognized that such a right implicitly exists where there is a liberty or property interest which has been interfered with by the State, and where the procedures for protecting that right are inadequate.

227.    Thus, all of the due process rights identified in Counts 1 through 14 are also violations of New Jersey's Constitutional due process rights.

228.    However, the New Jersey Supreme Court has held that the New Jersey Constitution provides greater due process protections than under the federal Due Process clause.

229.    The New Jersey Constitution also provides broader privacy protections.

230.    The New Jersey Constitution provides greater protections for liberty interests to conduct business.

231.    As such, the conduct alleged in Counts 1 through 14 also represent claims under the New Jersey Constitution, and all sustain a viable cause of action, even if they fail under the Federal Constitution.

232.    The New Jersey Constitution also recognizes a policy of fundamental fairness, which exists broader than due process, and which, although sparingly used, protects against unjust and arbitrary government action, in particular, government procedures that operate arbitrarily.

233.    The doctrine is used in situations where to not do so will subject a party to oppression, harassment, or egregious deprivation.

234.    Defendants have violated Plaintiffs' rights under the New Jersey Constitution.

235.    Under the New Jersey Civil Rights Act, Plaintiffs are separately entitled to relief for any violations of their Federal or State rights.

**COUNT SEVENTEEN**
**STATE LAW INVASION OF PRIVACY**

236.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

237.    Defendants' improper search of Plaintiffs' store, including non-public areas without consent or a warrant is an invasion of Plaintiffs' rights to privacy

238.    A reasonable person would be highly offended by this conduct.

239.    The non-public areas, including cabinets, drawers, bags, and other enclosed containers, were improperly searched, and Plaintiff had a privacy right to those areas.

240.    Plaintiffs have suffered damages in the form of economic losses, reputational losses, and emotional pain and suffering.

**COUNT EIGHTEEN**
**STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

241.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

242.    Defendants' conduct in improperly searching Plaintiffs' store without a warrant was intentional and/or reckless.

243.    Defendants' conduct in violating Plaintiffs' Due Process Rights was intentional and/or reckless as to the license deprivation and improper hearing.

244.    Defendants' conduct in conspiring to deprive Plaintiffs of their rights and/or failing to stop the deprivation of Plaintiffs' rights was intentional and/or reckless

245.    The conduct was extreme and outrageous and goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized community.

246.    Defendants' conduct caused distress to Plaintiffs and was intended to do so.

247.    No reasonable person should be forced to lose their business, be unable to sustain their livelihood, and be subject to arbitrary and unconstitutional government action.

248.    Plaintiffs are entitled to compensation for their damages.

**COUNT NINETEEN**
**STATE LAW TRESPASS**

249.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

250.    Plaintiffs maintain a possessory right to their business premises located in Atlantic City.

251.    While some areas are open to the general public during business hours, many areas are reserved for employees.

252.    On August 16, 2024, Defendants improperly trespassed into those areas where Plaintiff maintain a possessory and exclusive right and upon which Defendants had no write to enter.

253.    Defendants violated Plaintiffs' rights and they have been damaged as a result.

**COUNT TWENTY**
**STATE LAW TORTIOUS INTERFERENCE**

254.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

255.    Plaintiffs operate a convenience store, for which they have customers every day.

256.    Plaintiffs have a reasonable expectation that they would receive economic benefit by being open and available to transact business.

257.    As a result of Defendants suspending Plaintiffs mercantile license, they are unable to transact business in Atlantic City.

258.    As such they are receiving no economic benefit.

259.    Defendants interfered in Plaintiffs business and as a result, Plaintiffs are suffering an economic loss every day that the store is closed.

260.    Plaintiffs are also losing the value of merchandise they cannot sell.

261.    Defendants' improper deprivation of Plaintiffs' license is a common law tortious interference with Plaintiffs' business, for which Plaintiffs are entitled to compensation.

## COUNT TWENTY-ONE
## STATE LAW MALICIOUS ABUSE OF PROCESS

262.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

263.    The decision to suspend Plaintiffs' license was motivated by an improper purpose.

264.    Mehmood Tariq, whose family owns and operates 24/7 Food Mart, is the brother to Nasem Khan.  Mr. Khan testified in an election matter against then-councilman Muhamad Zia as to Mr. Zia's residency.

265.    During the trial, Mr. Zia was charged with 2nd Degree witness intimidation and 3rd Degree Terroristic threats against Mr. Khan.

266.    Mr. Zia was ultimately removed from office, which is against Mayor Marty Small's political interest.

267.    Mr. Khan is a critic of Mayor Small.

268.    The decision to suspend Plaintiffs' license was motivated by political retaliation, not valid government action.

269.    Plaintiffs have been harmed as a result of the Defendants' malicious abuse of process.

**COUNT TWENTY-TWO**
**THE ENTIRE CHAPTER 170 IS IN VIOLATION OF STATE LAW AND INVALID**

270.    Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

271.    Plaintiffs lack the statutory authority to require mercantile licenses for Plaintiffs' business and Chapter 270 is void.

272.    Municipalities can only require licenses and regulate businesses if granted authority by the state.  Plaintiffs lack such specific authority under N.J.S.A. 40:52-1.

273.    Chapter 170 is void in its entirety and should be stricken.

274.    Chapter 170 has been improperly applied to Plaintiffs, requiring them to obtain a license which is not legally authorized.

275.    Plaintiffs have paid improper licensing fees for years.

276.    Defendants cannot improperly require a license to do business in Atlantic City.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)    Declare Atlantic City Code 170-13 unconstitutional as violated of Federal and State Due Process rights;

(b)    Declare the entire Chapter 170 void as outside of Defendants' municipal authority;

(c)    Enjoin the City of Atlantic City from any enforcement of ordinance 170-13 in its current form;

(d)    Enjoin the City of Atlantic City from any action under Chapter 170;

(e)     Reinstate Plaintiffs' mercantile license and/or enjoin Defendants from prohibiting

Plaintiffs' business from operating;

(f)     Award Plaintiffs compensatory damages, punitive damages, statutory damages, and

nominal damages; and

(g)     Award attorney's fees, costs, interest, and such other relief as the Court deems

equitable and just.


                                        KING, MOENCH & COLLINS
                                        Attorneys for Plaintiffs

DATED: September 20, 2024            BY: /s/ Matthew C. Moench
                                        Matthew C. Moench

# EXHIBIT A

**CITY OF ATLANTIC CITY**

**DEPARTMENT OF LICENSING & INSPECTIONS**
**1301 BACHARACH BOULEVARD**
**CITY HALL – SUITE 502**
**ATLANTIC CITY, NJ 08401-4603**
**Telephone: 609-347-5290**
**Fax: 609-347-5584**



August 26, 2024

Via Certified, Regular Mail and Hand Delivery

24/7 Food Mart LLC
Attn: Yasmin Faheem
1406 Atlantic Avenue
Atlantic City, NJ 08401

Re: Suspension of Mercantile License
    1406 Atlantic Avenue, 24/7 Food Mart LLC

This is to advise that the Mercantile license at the above address shall be suspended immediately in accordance with City Code Chapter 170: License and Fees, Article II: Suspension and Revocation of Mercantile Licenses, Section 170-13 Suspension, Sub Section A: "Any license or permit issued pursuant to the provisions of any Mercantile ordinance for the conducting of business, may be suspended, cancelled or revoked for good cause by the Mercantile Licensing Division of Atlantic City." Good cause for suspension, cancellation and revocation shall include:

Sub Section A2: "The existence of disturbances or other conditions at, near or in the premises which cause or tend to create a public or private nuisance or which injuriously affects the public health, safety or welfare of the citizens of the City of Atlantic City", and

Sub Section A3 "Permitting or causing the commission of, any act in the operation of the business, which act is unlawful or is prohibited by any ordinance, rule or law of the City, state or federal government." Specifically, unlawfully conducting the sale of untaxed cigarettes and distributing of controlled dangerous substances.

The business shall remain closed. You will have seven (7) days to request a hearing to review the charges as defined by the Atlantic City Police Department and the State of New Jersey. At which time the length of suspension will be determined.

Sincerely,

Dale L. Finch
Director of Licensing & Inspections

DLF/sk

# **<u>EXHIBIT B</u>**



# KMC | KING, MOENCH & COLLINS LLP

ATTORNEYS AT LAW

PETER J. KING ◊
**MATTHEW C. MOENCH \***
MICHAEL L. COLLINS \*

NAKICHA T. BARR ^
ROMAN B. HIRNIAK ^
KRISHNA R. JHAVERI \* +
MARK D. TAYLOR \*
RYAN WINDELS

◊ Certified by the Supreme Court of New Jersey
  as a Municipal Court Attorney
\* Also Member of the New York Bar
+ Also Member of the Arizona Bar
^ Of Counsel

Writer's Address:

51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
(973) 998-6860

E-Mail:
mmoench@kingmoench.com

Monmouth County Office:

365 Broad Street, Suite 4R
Red Bank, NJ 07701
(732) 546-3670

Website:
www.kingmoench.com

A limited liability partnership of Peter J. King, LLC, Moench Law,
LLC & Collins Law, LLC

August 27, 2024

**VIA FACSIMILE AND OVERNIGHT MAIL**
Dale L. Finch
Director of Licensing & Inspections
City of Atlantic City
1301 Bacharach Boulevard, City Hall – Suite 502
Atlantic City, NJ 08401
Fax: 609-347-5584

> **RE:** **Suspension of Mercantile License,**
> **1406 Atlantic Avenue, 24/7 Food Mart LLC**

Dear Mr. Finch,

My firm has been retained to represent 24/7 Food Mart and Yasmin Faheem in connection with a notice of suspension issued August 26, 2024, immediately suspending the mercantile license of 24/7 Food Mart. As a result, the business is now closed and unable to operate. This suspension, done without a hearing, is unconstitutional and we demand that the suspension be immediately revoked. My clients will be seeking any damages to their product and lost profits as a result of your unconstitutional actions.

Secondly, your letter cites two general provisions of City Code Chapter 170 for suspending my clients' license. However, you provide no basis, facts, or explanation, for the conduct which is alleged to have occurred which support those alleged violations. As such, my clients no meaningful way to defend against these allegations.

Finally, my clients demand a hearing prior to any suspension, as referenced in your letter. In advance of that hearing, my clients demand that you provide any documents, evidence, or other basis to support your justification for taking action against 24/7 Food Mart's Mercantile License.

Dale L. Finch
August 27, 2024
Page 2


**We will be seeking immediate judicial review of your unconstitutional actions. Please confirm immediately that the suspension has been revoked.**


Very truly yours,

By: /s/ Matthew C. Moench
        Matthew C. Moench, Esq.

# EXHIBIT C

# CITY OF ATLANTIC CITY

---

**CITY SOLICITOR'S OFFICE**                  **MICHAEL J. PERUGINI, ESQ. LLM, CPM**
                                                       **CITY SOLICITOR**

CITY HALL - ROOM 707                                         KARL TIMBERS, ESQ.
1301 BACHARACH BOULEVARD                                     MICHAEL C. EPPS, ESQ.
ATLANTIC CITY, N.J. 08401                                    JACK A. BERENATO, ESQ.
TELEPHONE (609) 347-5540                                     RASHANNA BUTLER, ESQ.
TELECOPIER (609) 347-5210                                    PETER T. SALLATA, ESQ.

August 27, 2024

Dear Mr. Moench:

I am in receipt of your letter dated August 27, 2024, wherein you request confirmation that your client's suspension is revoked and demand for your client to receive a hearing.

Your client's mercantile license was suspended pursuant to Atlantic City, City Code Chapter 170, Article II, subchapter 13(A)(3), which concerns the commission of, or permitting or causing the commission of, any act in the operation of the business which act is unlawful or is prohibited.

The imposition of a suspension on the mercantile license is not unconstitutional on the part of the municipality given its obligation to protect the health, safety and welfare of its citizens.

**Your client's employee was charged with the following:**

- N.J.S.A. 2C:35-10(A)(1), Possession of a controlled dangerous substance.
- N.J.S.A. 2C:35-5A(1), Possession of a controlled dangerous substance with intent to distribute.
- N.J.S.A. 2C:35-7.1A, Possession of a controlled dangerous substance with intent to distribute w/in 500 feet of the AC Public Library (cocaine under ½ ounce).
- N.J.S.A. 2C:35-7.1A, Possession of a controlled dangerous substance with intent to distribute w/in 500 feet of the AC Public Library (marijuana under 1 ounce).
- N.J.S. A. 2C:36-3, Use or Possession with intent to use drug paraphernalia to store a controlled dangerous substance analog or toxic chemical…which is used to package a controlled dangerous substance as well as selling those items.

**Your client/s was/were charged with the following:**

- N.J.S.A. 54:52-18, Knowingly possessing goods to which the NJ tax has not been paid.
- N.J.S.A. 54:52-17A, Engaged in a cigarette sale or purchase with person(s) who are not licensed.
- N.J.S.A. 55:52-6F, Failed to exhibit or display the current NJ cigarette retail dealer's license.

Given the serious nature of these charges, the suspension of the mercantile license is warranted.
It was communicated to your client in writing and in person by the Director that he may request a hearing to have his concerns heard. Also, It was communicated to your client that the City would accommodate him if he wanted the hearing expedited.

Your client need not demand a hearing since it was already offered. The City is prepared to hold this hearing at a date and time that works for all parties.

Respectfully,

Karl Timbers, Esq.
Asst. City Solicitor

# **<u>EXHIBIT D</u>**

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0102** | **S** | **2024** | **002982** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY VS.*

**TARIQ M MEHMOOD**

ATLANTIC CITY JOINT MUNICIPAL
2715 ATLANTIC AVE
ATLANTIC CITY          NJ  08401-0000
609-347-5560  COUNTY OF: ATLANTIC

ADDRESS:
    1406 ATLANTIC AVENUE
    24-7 FOOD MART LLC
    ATLANTIC CITY        NJ  08401-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 4 | | 24-08-0599 |

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN    DOB: 06/18/1966
DRIVER'S LIC. #. M22427327406662          DL STATE: NJ
SOCIAL SECURITY #: xxx-xx-x717    SBI #:
TELEPHONE #: 609-369-3983   (C)
LIVESCAN PCN #:

COMPLAINANT  S/A S.      RAIMONDO
NAME:        NJ DEPT. OF TREASURY
             PO 284
             TRENTON              NJ  08695

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **08/16/2024** in      **ATLANTIC CITY        , ATLANTIC** County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY POSSESS GOODS TO WHICH THE NJ TAX HAS NOT BEEN PAID AS REQUIRED; TO WIT 10.1 CARTONS OF CIGARETTES WHICH DID NOT BEAR THE REQUIRED NJ REVENUE STAMPS.  THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-18, A DISORDERLY PERSONS OFFENSE

WITHIN THE JURISDICTION OF THIS COURT, ENGAGE IN A CIGARETTE SALE OR PURCHASE WITH PERSON(S) WHO ARE NOT LICENSED AS REQUIRED BY NJSA 54:40A-3.  THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-17A, A DISORDERLY PERSONS OFFENSE.

WITHIN THE JURISDICTION OF THIS COURT, DID FAIL TO EXHIBIT OR DISPLAY THE CURRENT NJ CIGARETTE RETAIL DEALER'S LICENSE, AS REQUIRED BY NJSA 54:40A-4.  THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-6F, A DISORDERLY PERSONS OFFENSE.

in violation of:

| Original Charge | 1) **54:52-18** | 2) **54:52-17A** | 3) **54:52-6F** |
|---|---|---|---|
| Amended Charge | | | |

## CERTIFICATION:

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ S/A S.  RAIMONDO _____          Date: 08/23/2024

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

SUMMONS
YOU ARE HEREBY SUMMONED to appear before the  Municipal Court      in the county of:  ATLANTIC
at the following address:  ATLANTIC CITY JOINT MUNICIPAL
2715 ATLANTIC AVE                                    ATLANTIC CITY      NJ 08401-0000
If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:         Appearance Date: 09/25/2024    Time: 09:00AM  Phone: 609-347-5560

Signature of Person Issuing Summons:      S/A S.    RAIMONDO          Date: 08/23/2024

| ☐ **Domestic Violence – Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐ **No phone, mail or other personal contact w/victim**
☐ **No possession firearms/weapons**
☐ **Other (specify):**

## ORIGINAL

Page 1  of 11                           NJ/CDR1 1/1/2017

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002982** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | TARIQ M MEHMOOD |

WITHIN THE JURISDICTION OF THIS COURT, A P.ERSON SHALL NOT SELL, OFFER FOR SALE, GIVE AWAY, OR DELIVER SINGLE CIGARETTES, AS DEFINED IN SECTION 102 OF PI 1948,C65 (C 54:40A-2)A. THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:40A-4.2C. THE FINE IS $250 FOR THE FIRST OFFENSE, AND $500 FOR THE SECOND OFFENSE

| Original Charge | 4) 54:40A-4.2A | | |
|---|---|---|---|
| Amended Charge | | | |

## COMPLAINT - SUMMONS

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002982** | TARIQ M MEHMOOD |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

| FTA Bail Information | | Date Bail Set: | Amount Bail Set: $ | by:_____ | ☐ Bail Recog. Attached |
|---|---|---|---|---|---|
| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor:_____ |

| Date of First Appearance: | 09/25/2024 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes  ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | |
|---|---|---|---|---|---|---|---|
| Name: | | | | Name: | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | 1) **54:52-18** | 2) **54:52-17A** | 3) **54:52-6F** |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:  Date: | Plea:  Date: | Plea:  Date: |
| Adjudication (* see code) | Finding Code:  Date: | Finding Code:  Date: | Finding Code:  Date: |
| Jail Term | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp |
| Probation Term | Susp. Imp | Susp. Imp | Susp. Imp |
| Cond. Discharge Term | | | |
| Community Service | | | |
| D/L Suspension Term | | | |
| Fines/Costs | Fines:  Costs: | Fines:  Costs: | Fines:  Costs: |
| VCCB/SNSF | VCCB:  SNSF: | VCCB:  SNSF: | VCCB:  SNSF: |
| DEDR/Lab Fee | DEDR:  LAB: | DEDR:  LAB: | DEDR:  LAB: |
| CD Fee/Drug Ed Fnd | CD:  DAEF: | CD:  DAEF: | CD:  DAEF: |
| DV Surch/Other Fees | DV:  Other: | DV:  Other: | DV:  Other: |
| Restitution Beneficiary: | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
YASMIN FAHEEM

**Related Traffic Tickets and Complaints:**

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

JUDGE'S SIGNATURE          DATE

**ORIGINAL - Court Action**

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | STATE V. |
|---|---|
| | TARIQ M MEHMOOD |

**COURT CODE** 0102  **PREFIX** S  **YEAR** 2024  **SEQUENCE NO.** 002982

Amount Bail Set: $_____ by:_____  ☐ Bail Recog. Attached

**FTA Bail Information**  Date Bail Set:  Date Referred to County Prosecutor: _____

| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Defendant Desires Counsel: ☐ Yes  ☐ No |
|---|---|---|---|---|---|

Date of First Appearance: 09/25/2024  ☐ Advised of Rights by _____

**Prosecuting Attorney Information**

Name: _____

| State | County | Municipal | Other |
|---|---|---|---|

**Defense Counsel Information**

Name: _____

| None | Retained | Public Def | Assigned | Waived | Other |
|---|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Original Charge | 4) 54:40A-4.2A | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:  Date: | Plea:  Date: | Plea:  Date: |
| Adjudication (* see code) | Finding Code:  Date: | Finding Code:  Date: | Finding Code:  Date: |
| Jail Term | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp | Jail time credit  Susp. Imp |
| Probation Term | Susp. Imp | | |
| Cond. Discharge Term | | | |
| Community Service | | | |
| D/L Suspension Term | | | |
| Fines/Costs | Fines:  Costs: | Fines:  Costs: | Fines:  Costs: |
| VCCB/SNSF | VCCB:  SNSF: | VCCB:  SNSF: | VCCB:  SNSF: |
| DEDR/Lab Fee | DEDR:  LAB: | DEDR:  LAB: | DEDR:  LAB: |
| CD Fee/Drug Ed Fnd | CD:  DAEF: | CD:  DAEF: | CD:  DAEF: |
| DV Surch/Other Fees | DV:  Other: | DV:  Other: | DV:  Other: |
| Restitution Beneficiary: | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
YASMIN FAHEEM

**Related Traffic Tickets and Complaints:**

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P - Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

JUDGE'S SIGNATURE    DATE

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002983** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

*THE STATE OF NEW JERSEY*
*VS.*
YASMIN T FAHEEM

ATLANTIC CITY JOINT MUNICIPAL
2715 ATLANTIC AVE
ATLANTIC CITY          NJ  08401-0000
609-347-5560   COUNTY OF: ATLANTIC

ADDRESS:
1406 ATLANTIC AVENUE
24-7 FOOD MART LLC
ATLANTIC CITY          NJ  08401-0000

| # of CHARGES 4 | CO-DEFTS 1 | POLICE CASE #: 24-08-0599 |
|---|---|---|

DEFENDANT INFORMATION
SEX: F  EYE COLOR: BLACK       DOB: 08/01/1985
DRIVER'S LIC. #: F01627898358851          DL STATE:  NJ
SOCIAL SECURITY #: xxx-xx-x794    SBI #:
TELEPHONE #:                     ( )
LIVESCAN PCN #:

COMPLAINANT NAME: S/A S.    RAIMONDO
NJ DEPT. OF TREASURY
PO 284
TRENTON          NJ  08695

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 08/16/2024 in          ATLANTIC CITY          , ATLANTIC  County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, KNOWINGLY POSSESS GOODS TO WHICH THE NJ TAX HAS NOT BEEN PAID AS REQUIRED; TO WIT 10.1 CARTONS OF CIGARETTES WHICH DID NOT BEAR THE REQUIRED NJ REVENUE STAMPS.  THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-18, A DISORDERLY PERSONS OFFENSE

WITHIN THE JURISDICTION OF THIS COURT, ENGAGE IN A CIGARETTE SALE OR PURCHASE WITH PERSON(S) WHO ARE NOT LICENSED AS REQUIRED BY NJSA 54:40A-3.  THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-17A, A DISORDERLY PERSONS OFFENSE.

WITHIN THE JURISDICTION OF THIS COURT, DID FAIL TO EXHIBIT OR DISPLAY THE CURRENT NJ CIGARETTE RETAIL DEALER'S LICENSE, AS REQUIRED BY NJSA 54:40A-4. THIS IS CONTRARY TO AND IN VIOLATION OF NJSA 54:52-6F, A DISORDERLY PERSONS OFFENSE.

**in violation of:**

| | | | |
|---|---|---|---|
| Original Charge | 1) **54:52-18** | 2) **54:52-17A** | 3) **54:52-6F** |
| Amended Charge | | | |

## CERTIFICATION:

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ S/A S.   RAIMONDO _____   Date: 08/23/2024

**The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.**

## SUMMONS

YOU ARE HEREBY SUMMONED to appear before the  Municipal Court    in the county of:  ATLANTIC

at the following address:  ATLANTIC CITY JOINT MUNICIPAL

2715 ATLANTIC AVE                                    ATLANTIC CITY          NJ 08401-0000

If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:          Appearance Date: 09/25/2024   Time: 09:00AM   Phone: 609-347-5560

Signature of Person Issuing Summons:          S/A S.    RAIMONDO          Date: 08/23/2024

| ☐ **Domestic Violence – Confidential** | ☑ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 11

NJ/CDR1 1/1/2017

# COMPLAINT - SUMMONS

| | COMPLAINT NUMBER | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002983** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | YASMIN T FAHEEM |

WITHIN THE JURISDICTION OF THIS COURT, A P.ERSON SHALL NOT SELL, OFFER FOR SALE,
GIVE AWAY, OR DELIVER SINGLE CIGARETTES, AS DEFINED IN SECTION 102 OF PI
1948,C65 (C 54:40A-2)A. THIS IS CONTRARY TO AND IN VIOLATION OF NJSA
54:40A-4.2C.  THE FINE IS $250 FOR THE FIRST OFFENSE, AND $500 FOR THE SECOND
OFFENSE

| Original Charge | 4) **54:40A-4.2A** | | |
|---|---|---|---|
| Amended Charge | | | |

## COMPLAINT - SUMMONS
**Page 2  of  11**    NJ/CDR1 1/1/2017

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002983** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | YASMIN T FAHEEM |

| FTA Bail Information | Date Bail Set: | Amount Bail Set: $ _____ | by: _____ | ☐ Bail Recog. Attached |
|---|---|---|---|---|
| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |

| Date of First Appearance: | 09/25/2024 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes  ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | |
|---|---|---|---|---|---|---|---|
| **Name:** | | | | **Name:** | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | 1) **54:52-18** | 2) **54:52-17A** | 3) **54:52-6F** |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:      Date: | Plea:      Date: | Plea:      Date: |
| Adjudication (* see code) | Finding Code:      Date: | Finding Code:      Date: | Finding Code:      Date: |
| Jail Term | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp |
| Probation Term | | Susp. Imp | | Susp. Imp | | Susp. Imp |
| Cond. Discharge Term | | | |
| Community Service | | | |
| D/L Suspension Term | | | |
| Fines/Costs | Fines:      Costs: | Fines:      Costs: | Fines:      Costs: |
| VCCB/SNSF | VCCB:      SNSF: | VCCB:      SNSF: | VCCB:      SNSF: |
| DEDR/Lab Fee | DEDR:      LAB: | DEDR:      LAB: | DEDR:      LAB: |
| CD Fee/Drug Ed Fnd | CD:      DAEF: | CD:      DAEF: | CD:      DAEF: |
| DV Surch/Other Fees | DV:      Other: | DV:      Other: | DV:      Other: |
| Restitution Beneficiary:_____ | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
TARIQ MEHMOOD

**Related Traffic Tickets and Complaints:**
S-2024-002982-0102

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P - Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

| ORIGINAL - Court Action | |
|---|---|
| JUDGE'S SIGNATURE          DATE | Page  3 of 11          NJ/CDR1 1/1/2017 |

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002983** | YASMIN T FAHEEM |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

| FTA Bail Information | Date Bail Set: | Amount Bail Set: $_____ by:_____ | ☐ Bail Recog. Attached |
|---|---|---|---|

| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |
|---|---|---|---|---|---|

| Date of First Appearance | 09/25/2024 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | Defense Counsel Information |
|---|---|
| Name: | Name: |

| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |
|---|---|---|---|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Original Charge | 4) 54:40A-4.2A | | | | |
| Amended Charge | | | | | |
| Waiver Indt/Jury | | | | | |
| Plea/Date of Plea | Plea:  Date: | | Plea:  Date: | | Plea:  Date: |
| Adjudication (* see code) | Finding Code:  Date: | | Finding Code:  Date: | | Finding Code:  Date: |
| Jail Term | | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp |  Jail time credit | Susp. Imp |
| Probation Term | | | Susp. Imp | | Susp. Imp | | Susp. Imp |
| Cond. Discharge Term | | | | | |
| Community Service | | | | | |
| D/L Suspension Term | | | | | |
| Fines/Costs | Fines:  Costs: | | Fines:  Costs: | | Fines:  Costs: |
| VCCB/SNSF | VCCB:  SNSF: | | VCCB:  SNSF: | | VCCB:  SNSF: |
| DEDR/Lab Fee | DEDR:  LAB: | | DEDR:  LAB: | | DEDR:  LAB: |
| CD Fee/Drug Ed Fnd | CD:  DAEF: | | CD:  DAEF: | | CD:  DAEF: |
| DV Surch/Other Fees | DV:  Other: | | DV:  Other: | | DV:  Other: |
| Restitution Beneficiary: | | | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
TARIQ MEHMOOD

**Related Traffic Tickets and Complaints:**
S-2024-002982-0102

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P - Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

| JUDGE'S SIGNATURE | DATE | COMPLAINT - SUMMONS (Court Action) |
|---|---|---|
| | | Page 4 of 11    NJ/CDR1 1/1/2017 |

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002881** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

**THE STATE OF NEW JERSEY**
*VS.*
CECIL  MORGAN

ATLANTIC CITY JOINT MUNICIPAL
2715 ATLANTIC AVE
ATLANTIC CITY      NJ  08401-0000
609-347-5560  COUNTY OF: ATLANTIC

ADDRESS: 3330 PROVIDENCE CT APT B2

ATLANTIC CITY        NJ  08401-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 5 | | 24-079744 |

**DEFENDANT INFORMATION**
SEX: M  EYE COLOR: BROWN      DOB: 09/02/1988
DRIVER'S LIC. #.                      DL STATE:
SOCIAL SECURITY #:            SBI #: 356322D
TELEPHONE #:              ( )
LIVESCAN PCN #: 010204022226

COMPLAINANT
NAME:  TROY          GRAMS
       2715 ATLANTIC AVE
       ATTN: WARRANTS
       ATLANTIC CITY      NJ  08401

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 08/16/2024 In        ATLANTIC CITY      ,    ATLANTIC    County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: COCAINE UNDER 1/2 OUNCE, THIS IN VIOLATION OF NJS
2C:35-10A(1) (A THIRD DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: COCAINE UNDER 1/2 OUNCE WITH THE INTENT TO
DISTRIBUTE, THIS IN VIOLATION OF NJS 2C:35-5A(1) (A THIRD DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED
DANGEROUS SUBSTANCE TO WIT: COCAINE UNDER 1/2 OUNCE WITH THE INTENT TO
DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY PUBLIC LIBRARY, THIS IN
VIOLATION OF NJS 2C:35-7.1A  (A SECOND DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY POSSESS A CONTROLLED

In violation of:

| | 1) 2C:35-10A(1) | 2) 2C:35-5A(1) | 3) 2C:35-7.1A |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |

**CERTIFICATION:**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____   TROY    GRAMS _____   Date: 08/16/2024

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

**SUMMONS**
YOU ARE HEREBY SUMMONED to appear before the  Superior Court    in the county of:  ATLANTIC

at the following address:  ATLANTIC SUPERIOR COURT

4997 UNAMI BLVD                          MAYS LANDING            NJ 08330-0000

If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest: 08/16/2024  Appearance Date: 09/13/2024  Time: 10:00AM  Phone: 609-625-7000

Signature of Person Issuing Summons:      TROY      GRAMS        Date: 08/16/2024

| ☐ **Domestic Violence – Confidential** | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mall or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

**ORIGINAL**

Page 1 of 11

NJ/CDR1 1/1/2017

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002881** | CECIL MORGAN |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

DANGEROUS SUBSTANCE TO WIT: MARIJUANA UNDER 1 OUNCE WITH THE INTENT TO
DISTRIBUTE WITHIN 500 FEET OF THE ATLANTIC CITY PUBLIC LIBRARY, THIS IN
VIOLATION OF NJS 2C:35-7.1A  (A THIRD DEGREE CRIME).

WITHIN THE JURISDICTION OF THIS COURT, USE OR POSSESS WITH INTENT TO USE DRUG
PARAPHERNALIA TO STORE A CONTROLLED DANGEROUS SUBSTANCE OR CONTROLLED SUBSTANCE
ANALOG OR TOXIC CHEMICAL, SPECIFICALLY BY POSSESSING BAGGIES, GLASS PIPES,
COPPER MESH, DIGITAL SCALE AND RAZOR BLADES WHICH IS USED TO PACKAGE A
CONTROLLED DANGEROUS SUBSTANCE AS WELL AS SELLING THOSE ITEMS, THIS IS IN
VIOLATION OF N.J.S. 2C:36-3 (A FOURTH DEGREE CRIME).

| Original Charge | 4) 2C:35-7.1A | 5) 2C:36-3 | |
|---|---|---|---|
| Amended Charge | | | |

**COMPLAINT - SUMMONS**
Page 2   of  11          NJ/CDR1 1/1/2017

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. | |
|---|---|---|---|---|---|
| 0102 | S | 2024 | 002881 | | CECIL  MORGAN |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | | |

| FTA Bail Information | Date Bail Set: | Amount Ball Set: $ | by: | ☐ Ball Recog. Attached |
|---|---|---|---|---|

| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |
|---|---|---|---|---|---|

| Date of First Appearance: | 09/13/2024 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes   ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name: | | | | Name: | | | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | | | | | | |
|---|---|---|---|---|---|---|
| Original Charge | 1) 2C:35-10A(1) | | 2) 2C:35-5A(1) | | 3) 2C:35-7.1A | |
| Amended Charge | | | | | | |
| Waiver Indt/Jury | | | | | | |
| Plea/Date of Plea | Plea:        Date: | | Plea:        Date: | | Plea:        Date: | |
| Adjudication (* see code) | Finding Code:        Date: | | Finding Code:        Date: | | Finding Code:        Date: | |
| Jail Term | | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp |
| Probation Term | | | Susp. Imp | | Susp. Imp | | Susp. Imp |
| Cond. Discharge Term | | | | | | |
| Community Service | | | | | | |
| D/L Suspension Term | | | | | | |
| Fines/Costs | Fines:        Costs: | | Fines:        Costs: | | Fines:        Costs: | |
| VCCB/SNSF | VCCB:        SNSF: | | VCCB:        SNSF: | | VCCB:        SNSF: | |
| DEDR/Lab Fee | DEDR:        LAB: | | DEDR:        LAB: | | DEDR:        LAB: | |
| CD Fee/Drug Ed Fnd | CD:        DAEF: | | CD:        DAEF: | | CD:        DAEF: | |
| DV Surch/Other Fees | DV:        Other: | | DV:        Other: | | DV:        Other: | |
| Restitution Beneficiary: | | | | | | |

Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:

Related Traffic Tickets and Complaints:

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

| | ORIGINAL - Court Action |
|---|---|
| JUDGE'S SIGNATURE                    DATE | Page 3 of 11                NJ/CDR1 1/1/2017 |

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **0102** | **S** | **2024** | **002881** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | CECIL   MORGAN |

| FTA Bail Information | | Date Bail Set: | | Amount Bail Set: $ | by: | ☐ Bail Recog. Attached |
|---|---|---|---|---|---|---|
| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | | Date Referred to County Prosecutor: _____ |

| Date of First Appearance: | 09/13/2024 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes   ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name: | | | | Name: | | | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Original Charge | 4) 2C:35-7.1A | | | 5) 2C:36-3 | | | |
| Amended Charge | | | | | | | |
| Waiver Indt/Jury | | | | | | | |
| Plea/Date of Plea | Plea:   Date: | | | Plea:   Date: | | Plea:   Date: | |
| Adjudication (* see code) | Finding Code:   Date: | | | Finding Code:   Date: | | Finding Code:   Date: | |
| Jail Term | | Jail time credit | Susp. Imp | | Jail time credit | Susp. Imp | | Jail time credit | Susp. Imp |
| Probation Term | | | Susp. Imp | | | Susp. Imp | | | Susp. Imp |
| Cond. Discharge Term | | | | | | | |
| Community Service | | | | | | | |
| D/L Suspension Term | | | | | | | |
| Fines/Costs | Fines:   Costs: | | | Fines:   Costs: | | Fines:   Costs: | |
| VCCB/SNSF | VCCB:   SNSF: | | | VCCB:   SNSF: | | VCCB:   SNSF: | |
| DEDR/Lab Fee | DEDR:   LAB: | | | DEDR:   LAB: | | DEDR:   LAB: | |
| CD Fee/Drug Ed Fnd | CD:   DAEF: | | | CD:   DAEF: | | CD:   DAEF: | |
| DV Surch/Other Fees | DV:   Other: | | | DV:   Other: | | DV:   Other: | |
| Restitution Beneficiary: | | | | | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**

**Related Traffic Tickets and Complaints:**

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

| | |
|---|---|
| | COMPLAINT - SUMMONS (Court Action) |
| JUDGE'S SIGNATURE            DATE | Page 4 of 11            NJ/CDR1 1/1/2017. |

# **EXHIBIT E**



**KMC** | KING, MOENCH & COLLINS LLP

ATTORNEYS AT LAW

PETER J. KING ◊
**MATTHEW C. MOENCH** *
MICHAEL L. COLLINS *

NAKICHA T. BARR ^
ROMAN B. HIRNIAK ^
KRISHNA R. JHAVERI * +
MARK D. TAYLOR *
RYAN WINDELS

◊ Certified by the Supreme Court of New Jersey
   as a Municipal Court Attorney
* Also Member of the New York Bar
+ Also Member of the Arizona Bar
^ Of Counsel

Writer's Address:

51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
(973) 998-6860

E-Mail:
mmoench@kingmoench.com

Monmouth County Office:

365 Broad Street, Suite 4R
Red Bank, NJ 07701
(732) 546-3670

Website:
www.kingmoench.com

A limited liability partnership of Peter J. King, LLC, Moench Law,
LLC & Collins Law, LLC



August 27, 2024

**<u>VIA FACSIMILE AND OVERNIGHT MAIL</u>**
Karl Timbers, Esq.
City Solicitor's Office
City of Atlantic City
1301 Bacharach Boulevard, City Hall – Room 707
Atlantic City, NJ 08401
Fax: 609-347-5210

> RE:    <u>Suspension of Mercantile License,</u>
>          <u>1406 Atlantic Avenue, 24/7 Food Mart LLC</u>

Dear Mr. Timbers,

I am in receipt of your letter of today's date in response to my earlier communication with Mr. Finch regarding the suspension of the mercantile license for 24/7 Food Mart. I appreciate the additional information and response, however, Atlantic City's decision to suspend the license prior to a hearing, and then force the license to choose between an expedited hearing without a reasonable opportunity to prepare so that the hearing is meaningful or permit the suspension to continue while gathering necessary information is an unfair, and unconstitutional, choice.

My client's constitutional rights were violated the minute the business was shut down prior to a hearing, regardless of when that hearing ultimately occurs and the outcome of that hearing. My clients will be filing an action in federal court to vindicate those rights. As part of that action, my clients will seek the Court to invalidate the current ordinance, and to seek injunctive relief reinstating the mercantile license and requesting that a hearing be scheduled reasonable into the future.

However, as the business is currently shutdown as a result of the unconstitutional actions of the City, my clients have no choice, but to simultaneously request a hearing to occur on Thursday, August 28, 2024. While we still feel that this is not sufficient time to prepare, and will ask the Court to delay the hearing, in the absence of court action we will begrudgingly move forward on Thursday.

Karl Timbers, Esq.
August 27, 2024
Page 2

   We will provide you with a copy of the Court papers upon filing.  In the meantime, please let us know the time, format (in-person or zoom), and process for the hearing.  Also, in advance of that hearing, please provide copies of all police reports, bodycam footage, MVR footage, interview notes, or other documents relating to the charges contained in your August 27, 2024 letter.

   Thank you.


       Very truly yours,

       By: /s/ Matthew C. Moench   
         Matthew C. Moench, Esq.

# **EXHIBIT F**

**CITY OF ATLANTIC CITY**

---

**CITY SOLICITOR'S OFFICE**                    **MICHAEL J. PERUGINI, ESQ. LLM, CPM**
                                                            **CITY SOLICITOR**

CITY HALL - ROOM 707                                         KARL TIMBERS, ESQ.
1301 BACHARACH BOULEVARD                                   MICHAEL C. EPPS, ESQ.
ATLANTIC CITY, N.J. 08401                                  JACK A. BERENATO, ESQ.
TELEPHONE (609) 347-5540                                  RASHANNA BUTLER, ESQ.
TELECOPIER (609) 347-5210                                   PETER T. SALLATA, ESQ.

August 28, 2024

Mr. Moench:

Please be advised that the City has scheduled a hearing for Thursday, August 29, 2024, at 2:00 pm. This hearing has been scheduled to address the Suspension of the Mercantile License for 1406 Atlantic Avenue, 24/7 Food Mart LLC.

This Administrative Hearing will be held before the criminal matters have been resolved. As such, the City will only be addressing the charges and the suspension of the mercantile license. Copies of the Summonses were forwarded to your attention as attachments to my August 27, 2024, letter.

The other items listed in your letter, consisting of "police reports, bodycam footage, MVR footage, interview notes and other documents related to the charges contained in the August 27, 2024, letter" will not be provided as they will not be discussed.

Respectfully,

Karl Timbers, Esq.
Asst. City Solicitor

# **<u>EXHIBIT G</u>**

| | |
|---|---|
| **From:** | Ryan Windels |
| **To:** | Karl Timbers; Dale Finch |
| **Cc:** | Matthew Moench; Michael J. Perugini; Tracy Couch; Tiffany Gordon |
| **Subject:** | RE: 24/7 Food Mart - Mercantile License |
| **Date:** | Tuesday, September 3, 2024 10:54:13 AM |

Following up here. Can you please let me know if there is an established contact at ACPD we can reach out to for this?

**Ryan J. Windels, Esq.**

KING MOENCH & COLLINS LLP

rwindels@kingmoench.com

51 Gibraltar Drive, Suite 2F | Morris Plains, NJ 07950 | (973) 998-6860

NOTICE: This e-mail message and any attachment contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at **973-998-6860** and delete this message. Please note that forwarded messages or replies to a prior message may not have been produced by King Moench & Collins, LLP. Although this office attempts to sweep e-mails and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for damages sustained as a result of viruses. This notice is automatically appended to each e-mail message and accepts no liability for damages sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving King Moench & Collins, LLP and accepts no liability for damages sustained as a result of viruses. The law office of King Moench & Collins, LLP, is a limited Liability Partnership of Limited Liability Companies of Peter J. King, LLC, Moench Law, LLC and Collins Law, LLC.

**From:** Ryan Windels
**Sent:** Friday, August 30, 2024 11:14 AM
**To:** Karl Timbers <KTimbers@acnj.gov>; Dale Finch <Dfinch@acnj.gov>
**Cc:** Matthew Moench <MMoench@kingmoench.com>; Michael J. Perugini <MJPerugini@acnj.gov>; Tracy Couch <TCouch@acnj.gov>; Tiffany Gordon <TGordon@acnj.gov>
**Subject:** RE: 24/7 Food Mart - Mercantile License

Is there a contact you have at ACPD who can let us know whether or not the existing security system is up to their specifications?

**Ryan J. Windels, Esq.**

KING MOENCH & COLLINS LLP

rwindels@kingmoench.com

51 Gibraltar Drive, Suite 2F | Morris Plains, NJ 07950 | (973) 998-6860

NOTICE: This e-mail message and any attachment contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at **973-998-6860** and delete this message. Please note that forwarded messages or replies to a prior message may not have been produced by King Moench & Collins, LLP. Although this office attempts to sweep e-mails and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for damages sustained as a result of viruses. This notice is automatically appended to each e-mail message and accepts no liability for damages sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving King Moench & Collins, LLP and accepts no liability for damages sustained as a result of viruses. The law office of King Moench & Collins, LLP, is a limited Liability Partnership of Limited Liability Companies of Peter J. King, LLC, Moench Law, LLC and Collins Law, LLC.

**From:** Karl Timbers <KTimbers@acnj.gov>
**Sent:** Thursday, August 29, 2024 6:21 PM
**To:** Ryan Windels <rwindels@kingmoench.com>; Dale Finch <Dfinch@acnj.gov>
**Cc:** Matthew Moench <mmoench@kingmoench.com>; Michael J. Perugini <MJPerugini@acnj.gov>; Tracy Couch <TCouch@acnj.gov>; Tiffany Gordon <TGordon@acnj.gov>
**Subject:** RE: 24/7 Food Mart - Mercantile License

Mr. Windels:

I have included your clients mercantile licenses going back several years. I have also included case files for cases going back several years.

As to your questions:

You client was instructed that he could reach out to ACPD to confirm if a system would meet ACPD requirements to be connected to their system.

As to whether the suspension would be lifted immediately. This is a decision for the Hearing Officer/Dept. Head. As I stated during the hearing, I would make a recommendation, but ultimately the decision belongs to the Hearing Officer/Dept. Head. My reasoning was that the most recent instances might not have happened if your client had installed the cameras as he had agreed to do previously. The ultimate decision is not mine to make.

If your client does not agree, the city will move forward and issue a decision based upon the hearing. That decision has not been made at this point.

Thank you.


Karl Timbers, Esq.
Asst. City Solicitor
City of Atlantic City
1301 Bacharach Blvd., Suite 707
(609) 347-5540


**From:** Ryan Windels <rwindels@kingmoench.com>
**Sent:** Thursday, August 29, 2024 3:08 PM
**To:** Karl Timbers <KTimbers@acnj.gov>; Dale Finch <Dfinch@acnj.gov>
**Cc:** Matthew Moench <mmoench@kingmoench.com>
**Subject:** 24/7 Food Mart - Mercantile License

Mr. Timbers and Mr. Finch,

I had a few points of clarification to the potential resolution discussed during today's hearing. We are still discussing this with our client, but wanted to clear these issues up in the meantime.

First, in terms of connecting the security cameras with the ACPD, would that require a new camera system or would ACPD be able to connect with the existing camera system?

Second, regardless of which camera system can be accessed, would the suspension be lifted immediately once our client agreed to allow ACPD to connect?

Finally, if our client does not agree to this, what would the City's position be then?

Thank you.

Ryan

**Ryan J. Windels, Esq.**
KING MOENCH & COLLINS LLP
rwindels@kingmoench.com
51 Gibraltar Drive, Suite 2F | Morris Plains, NJ 07950 | (973) 998-6860

NOTICE: This e-mail message and any attachment contains confidential information that may be legally privileged.  If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it.  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at **973-998-6860** and delete this message.  Please note that forwarded messages or replies to a prior message may not have been produced by King Moench & Collins, LLP.  Although this office attempts to sweep e-mails and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for damages sustained as a result of viruses.  This notice is automatically appended to each e-mail message and accepts no liability for damages sustained as a result of viruses.  This notice is automatically appended to each e-mail message leaving King Moench & Collins, LLP and accepts no liability for damages sustained as a result of viruses. The law office of King Moench & Collins, LLP, is a limited Liability Partnership of Limited Liability Companies of Peter J. King, LLC, Moench Law, LLC and Collins Law, LLC.

**WARNING - EXTERNAL E-MAIL - Attachments and links in this email may be malicious.** Please be suspicious of this email as it originated outside the COAC systems.
**DO NOT CLICK** links or attachments unless you are expecting the email. please contact IT if you are in doubt or have questions

# **<u>EXHIBIT H</u>**

**CITY OF ATLANTIC CITY**
**DEPARTMENT OF LICENSING & INSPECTIONS**
**1301 BACHARACH BOULEVARD**
**CITY HALL – SUITE 502**
**ATLANTIC CITY, NJ 08401-4603**
**Telephone: 609-347-5290**
**Fax: 609-347-5584**



September 3, 2024

## DECISION

Re:    24/7 Food Mart – Mercantile License Suspension
       <u>Hearing Dated August 29, 2024 – Decision</u>

1. Hearing based on violations and charges occurring at 1406 Atlantic Avenue, City of Atlantic City. The following criminal violations charged on August 16, 2024.

   | Charges | Description |
   | --- | --- |
   | 2C:35-10A(1) | Possession of CDS Cocaine |
   | 2C:35-5A(1) | Mfr./Distribute CDS (Cocaine) |
   | 2C:35-7.1A | Dist CDS W/I 500' PUB HSE |
   | 2C:36-3 | Distribute Drug Paraphernalia |

2. Upon recommendation of the Atlantic City Police Department, the Mercantile License was immediately suspended due to the imminent harm and danger to the public from the distribution of cocaine and other violations as stated above.

3. On August 26, 2024, a notice was hand-delivered advising the mercantile license holder that they were entitled within seven (7) days to have a hearing to contest the suspension of the mercantile license. Pursuant to City Ordinance 170 of 2013, a hearing was offered and was held on August 29, 2024.

   The continued habitual criminal use of this location to distribute drugs has put the community in a dangerous situation that we cannot afford to let continue unabated. Further, based on the severity of the charges and also the many past criminal violations that have occurred at this location, it is my decision that the mercantile license remain suspended until the criminal matter can be heard or resolved. Past criminal violations include the following:

   a. September 2018:  Narcotics Search Warrant – Sales by Clerk
   b. October 2022:    Homicide
   c. January 2023:    Taxation Inspection
   d. June 2023:       Homicide
   e. November 2023:   CDS Distribution
   f. February 2024:   CDS Distribution

*MAA/FAHEEM 0012*

g.  May 2024:        Shooting of 15 year old juvenile
h.  May 2024:        Citizen Complaint
i.  August 2024:     Drug Sales by Clerk

Because of the imminent harm and safety issues affecting the public, the mercantile license shall remain suspended and continue to be suspended until the criminal matter has been resolved or decided.  Upon a decision from the criminal court the issue of the removal of a mercantile license will be re-visited and a determination will be made as to either continue revocation or allow renewal of the mercantile license.

_____
Dale Finch, Director
Licensing & Inspections
Hearing Officer

DF/ew

MAA/FAHEEM 0013